FREDERICK WILLIAMS and another *vs.* CENTRAL LAND COMPANY.

November 29, 1884.

**Tax Sale—Description of Land—Defective Plat.**—In tax proceedings against an irregularly-shaped tract of land, which could be described only by metes and bounds, it was attempted, pursuant to Gen. St. 1878, c., 11, § 108, by platting the land, and arbitrarily designating it as "lot No. 2" in a certain governmental subdivision, to make that designation a sufficient description for the purposes of the tax proceedings. The plat, embracing several tracts of land, did not indicate the particular tract platted or designated as "lot No. 2," nor present upon its face the means of ascertaining or identifying such land. *Held*, that the defective plat was of no effect for the purpose of authorizing the employment of the arbitrary designation referred to as a description of any land, and a judgment entered against land so described imposed no charge upon property to which such a description was not applicable.

**Same—Insufficient Surveyor's Certificate.**—A surveyor's certificate annexed to such plat, and recorded with it, applying such arbitrary term of designation to lands indicated by reference to a recorded deed of conveyance, is not a compliance with the above statute.

Action in the district court for Douglas and Grant counties, to determine the adverse claims of the defendant to the land in controversy, situate in Grant county. The defendant claims title under a tax judgment and sale referred to in the opinion. The action was tried by *Collins*, J., without a jury, and judgment ordered for plaintiffs. Defendant appeals from an order refusing a new trial.

*Brown & Houpt* and *Babcock & Davis*, for appellant.

*H. Jenkins*, for respondents.

DICKINSON, J. The defendant's claim of title is derived through a tax judgment sale, the validity of which is in question. The land is of irregular shape, and of such a character that it cannot be described except by metes and bounds. Gen. St. 1878, c. 11, § 108, prescribes a method, by which, in such a case, a brief, yet precise, description or designation of the land may be made and employed for the purposes of tax proceedings. This consists in a platting of the land into lots, a survey being made when necessary, and in recording such plat.

This being done, "the description of the property in accordance with the number and description set forth in such plat shall be deemed a good and valid description of the lot or parcels of land so described." An attempt was made to pursue this course with respect to this land. The county surveyor made, and the auditor caused to be recorded, a plat, a copy of which is here presented:

N. W. ¼ OF SECTION 24, TOWNSHIP NO. 130 N., RANGE NO. 42 W., FIFTH MERIDIAN, MINNESOTA.

To this plat was attached, and also recorded, this certificate:

"*State of Minnesota, County of Grant—ss.:* I hereby certify that the within plat is true and correct according to the description of the location, courses, and distances, as they appear in the book of records of the register of deeds of said county of Grant, in a deed of convey-

ance executed by Timothy Heald and his wife to Frederick Williams and Scheffer, and the lot or parcel of land is called lot No. 2 of the subdivision of the N. W. ¼ of N. W. ¼ section 24, township 130, range 42.

"*Elbow Lake, June 28, 1880.*

"PER. ERLANDSON, County Surveyor."

In the copy of the delinquent list filed in the office of the clerk of the district court and published by him, and in the tax judgment, the description employed, and by which, if at all, the land in controversy was designated and charged, was as follows: "Lot No. 2 of subdivision of N. W. ¼ of N. W. ¼ section 24, township 130, range 42." This is not a description of the land in question, unless it is made such by means of this statutory proceeding.

This plat has no such effect. It was manifestly intended that the plat should intelligibly represent the land to which it refers, and that the arbitrary designation of the land by lot or otherwise should distinctly indicate the particular tract intended to be thus designated. Otherwise, the name or term of designation used has no relation to any particular property, and in no sense serves the purposes of a description. This plat does not describe or designate the land which in the certificate is referred to as lot 2. It does not disclose which one of the four parcels into which the N. W. ¼ of the N. W. ¼ of the section appears to be divided, is the land attempted to be platted and designated as lot 2. It shows upon its face no means of ascertaining or identifying that tract. Neither a starting point, courses, distances, nor boundaries are given. The reference in the certificate to a deed of conveyance by Timothy Heald to Frederick Williams and Scheffer does not cure the defect. Even if that reference to a deed conveying the property to the plaintiffs had been complete and certain, it would not have been a compliance with the statute. The intelligible designation of the land by a plat cannot be dispensed with, and a certificate substituted for it, to the effect that lands described in a certain recorded deed have been given an arbitrary designation, as "lot No. 2," so as to make that designation a sufficient description of the land.

There being no authorized or proper description of the land in con-

troversy in the tax judgment, no charge was thereby imposed, and the judgment sale was of no effect. *Keith* v. *Hayden*, 26 Minn. 212.

There is no error in the decision of the court below, and the order refusing a new trial is affirmed.