WESTERN LAND ASSOCIATION *vs.* E. A. McCOMBER.

June 7, 1889.

Taxes—Redemption—Notice, on whom to be Served.—The service of a notice of the expiration of the time for redemption from a tax-sale, pursuant to Laws 1877. *c.* 6, § 37, *held* to have been properly made upon "the person in whose name such lands are assessed" at the time of the issuing of the notice, whether such person was the real owner of the land or not.

Same—Strict Compliance with Statute — Fraud.—Compliance with the requirements of a statute, in proceedings of a purely statutory character cannot constitute legal fraud.

Same—Immaterial Error in Notice.—A very trifling inaccuracy in such a notice, as to the amount stated as necessary to be paid to redeem, *held* to be immaterial.

Ejectment, brought in the district court for St. Louis county, on May 20, 1887, for lots 5 to 14 inclusive in block 98, and all of blocks 99 and 100 in Endion's addition to Duluth. The defendant, in her answer, denied any title in plaintiff, and alleged title in herself. At the trial, before *Stearns,* J., the plaintiff proved title accruing to it in 1868, under the original patentee of the United States. The defendant thereupon introduced in evidence a tax judgment entered August 10, 1882, in proceedings to enforce payment of taxes on real estate remaining delinquent June 1, 1882; also certificates of sale, dated September 18, 1882, under the same judgment, to Amasa Mc-Comber. It was admitted that in 1878 all the property in question was assessed in the name of the plaintiff; in 1880 it was all assessed in the name of plaintiff, except that lots 5 to 12 inclusive in block 98 were assessed in the name of defendant; in 1882 and 1884 all the property was assessed in the name of defendant. The defendant (to prove expiration of time for redemption, etc.) called the county auditor, and offered notices signed by him as auditor, dated June 7, 1887, addressed to E. A. McComber, with the sheriff's return on each notice, dated June 8, 1887, that he found E. A. McComber in actual possession and that he served the notice on her by handing to and leaving with her a true copy thereof. It appeared that these notices were issued upon the request of Amasa McComber, and upon return of the certificates of sale, and plaintiff thereupon objected to the notices because made during the actual pendency of this action, and because there is no evidence that E. A. McComber was owner of or had any interest in the lands. The objection was overruled and the evidence admitted, and the plaintiff excepted. On cross-examination of the auditor the plaintiff's counsel asked him if he did not know at the time of the issuance of the notices that the lands belonged to plaintiff. The court sustained the defendant's objection to the question as incompetent and immaterial, and the plaintiff excepted. It was admitted that the defendant "is the wife of A. McComber, and that they are living together as husband and wife." The plaintiff (in

rebuttal) showed that on June 28, 1886, the county auditor received from plaintiff, through its authorized agent, a letter in which application is made to redeem the whole of the blocks (98, 99 and 100) involved in this case from all delinquent taxes. Plaintiff then called Luther Mendenhall, a resident of Duluth and for 20 years and still its agent in charge of its property in that city, who testified that he knew defendant's husband, A. McComber, and that from 1880 until within a few weeks or months of the trial, he had had frequent conversations with A. McComber in relation to this property. He was then asked whether at the time of his first conversation with A. McComber, the latter knew that the plaintiff was owner in fee of this property. This was objected to as incompetent and immaterial, and the plaintiff's counsel then offered to prove by the witness that the witness had divers conversations with A. McComber about this property, beginning about 1880 and continuing to near the time of the trial, and that from the first of these conversations A. McComber was told, knew, and understood that the plaintiff, the Western Land Association, was the owner in fee of the property described in the complaint, and their negotiations from that time forward were carried on with the same knowledge and understanding, and that at the time A. McComber directed a notice to redeem, he knew that plaintiff was owner in fee of the property. On defendant's objection that it was incompetent and immaterial, the question and the offered evidence were excluded, and the plaintiff excepted. It was admitted that at the time of bringing the action the plaintiff filed notice of *lis pendens* in the registry of deeds. The court directed a verdict for defendant, and the plaintiff appeals from an order refusing a new trial.

*Gordon E. Cole* and *Ensign, Cash & Williams* for appellant.

*Wm. W. Billson,* for respondent.

DICKINSON, J. This is an action of ejectment. The plaintiff was formerly the owner of the lands. The defendant relies upon a divestiture of the plaintiff's title by sales under tax judgments in 1882 to the defendant's husband, such judgments being for the taxes for the year 1881. The plaintiff contends that the requirement of the statute, (Laws 1877, c. 6, § 37; Gen. St. 1878, c. 11, § 121,) as to the service of a notice of the expiration of the time for redemption,

was never complied with. In June, 1887, the defendant's husband presented to the county auditor his certificates of such tax-sales, and requested notices of the expiration of the time for redemption to be issued. The auditor prepared such notices under his hand and official seal, addressed to the defendant, in whose name the lands were *then* assessed, the same having been assessed in her name successively in the years 1882, 1884, and 1886. The auditor delivering these notices to the sheriff, the latter officer served the same upon the defendant, who was in the possession of the land. The principal ground upon which rests the plaintiff's contention that these notices were ineffectual to terminate the right of redemption from the tax-sale is that the notices were not served upon the *owner* of the lands, the plaintiff claiming that it was then such owner. A complete answer to this position of the plaintiff is that this was a purely statutory proceeding, and that the prescribed requirements of the statute were in this respect exactly complied with. When the legislature determined that the time for redemption should not expire without a special notice, prompting those who might be interested to care for their interests, it was necessary to prescribe definitely how such notice should be given. It was solely for the legislature to determine the mode of service which in its judgment might be best calculated in general to convey information to those interested. This obviously should be definite and unambiguous, so that it could be complied with. No mode could be adopted which would certainly and in every case prove effectual as a means of communicating actual information to all those having a right to redeem. It is unnecessary to refer to the reasons which may have influenced the legislature in its action in adopting this, rather than some other rule, such, for instance, as the practical difficulty of complying with the requirements of a law which should prescribe service to be made upon the "owner" of the land, and the uncertainty of titles which would result from the difficulty of establishing the fact of such service having been made. The ownership of lands is often a matter of grave doubt and uncertainty. Nor are "owners" the only persons entitled to redeem. The answer to the whole argument of the plaintiff upon this point is that the legislature, deeming that service upon "the per-

son in whose name such lands are assessed" was best calculated in general to accomplish the purposes intended, has prescribed that mode of giving notice. This statute is not susceptible of the construction for which the appellant contends,—that is, as requiring notice to be served upon the *owner* of the land, although upon the records it stands assessed in the name of another person.

The claim of fraud in respect to the service of the notice cannot be sustained. Legal fraud cannot be predicated of that which in a purely statutory proceeding is done in precise conformity with the statutory requirement. The service is required to be made upon the person in whose name the lands "*are* assessed." This refers to the time when the notice is issued, and not to the past time when the taxes upon which the sale was made were imposed upon the land.

The notices were inaccurate in stating that interest was chargeable upon the amount therein stated from the date of the judgment, instead of from the date of the sale, which was less than six weeks subsequent to the judgment. The incomplete record before us does not accurately inform us how much difference this would make in the amount. It is reasonably apparent, however, that it would be very trifling. As respects one of the tracts in question, the record concerning which is more fully presented here, the discrepancy is but a fraction of a cent, and there is reason to infer that it was no greater in respect to the other tracts, as to which the judgments were in amount substantially the same. While there may be another reason why this error would not affect the validity of the notice, it is enough to say that the maxim is here applicable that the law does not regard trifling matters.

The mere fact shown by the plaintiff, that within the proper time for making redemption the plaintiff applied by letter to the county auditor to redeem some of these lands, avails nothing. There was no evidence, and certainly no presumption could be indulged, that the officer refused or neglected to do what was required of him under such circumstances, or that the plaintiff was prevented from making redemption. The court was right in directing a verdict for the defendant.

Order affirmed.