FRANK ROBERT, JR., and another *vs.* WESTERN LAND ASSOCIATION.

## February 17, 1890.

**Taxes—Sufficiency of Redemption Notice—Statement of Amount.—** A notice of the expiration of the time for redemption from a tax-sale considered as showing the amount for which the land had been sold, the amount of the tax, penalty, and interest, for which the land was sold, being stated, and also that that sum, with interest and subsequent taxes, the amount being stated, was required to be paid to redeem.

**Same—Trivial Error.—**An error in stating, in such a notice, the period from which interest was to be computed, the result of which would be trivial in amount, (some two or three cents,) should be disregarded.

**Same—Rate of Interest.—**The rate of interest *held* to be sufficiently stated.

Action brought in the district court for St. Louis county, the plaintiffs alleging ownership in fee of lot 265 of block 31, of "Rice's Point," and that defendant claims some right therein through tax sales and certificates, and asking that defendant set up its claims and that they be adjudged void. Defendant answered, claiming title in fee under tax sales and certificates. The action was tried by *Stearns,* J., who ordered judgment for defendant, which was entered, and the plaintiffs appealed.

*Cant & Brigham* and *Charles Bechhoeffer,* for appellants.

*Walter Ayers,* for respondent.

DICKINSON, J. This appeal involves the question of the sufficiency of a county auditor's notice of the expiration of the time for redemption from a tax-sale. The tax-sale was on the 20th day of September, 1880, under a tax judgment entered on the 13th day of August of that year. The notice in question, given pursuant to Laws 1877, c. 6, § 37, (Gen. St. 1878, c. 11, § 121,) is claimed to have been defective for the reasons (1) that it does not state the amount for which the land was sold; and (2) that the statement of the amount required to redeem is inaccurate, uncertain, and contrary to the requirements of the statute. The notice states that the land therein described "was, at the tax-sale on September 20th, 1880, under tax judgment of August 13th, 1880, sold for the taxes of the year 1879, amounting, with penalties, to 67-100 dollars, which sum, with interest from the date last mentioned at the rate of 18 per cent. per annum, and subsequent delinquent taxes and penalties and interest thereon, amounting to the sum, in all, of one and 51-100 dollars, which last-mentioned sum, and interest thereon from date, is the amount required to redeem said piece or parcel of land from said sale, exclusive of costs to accrue upon this notice, and that the redemption period will expire sixty days after the service of this notice."

While the notice does not state in direct terms the amount for which the land was sold, it does show that it was sold for the amount of the tax and penalties, and that is stated to be 67 cents. This is involved in the clause (not framed grammatically) following the statement of the amount of the tax and penalties. "*Which sum* [it says] with interest * * * and subsequent delinquent taxes, * * * amounting to the sum in all of one and 51-100 dollars, *which last-mentioned sum* and interest * * * *is the amount required to redeem.*" The predicate, "is," in this sentence, has two subjects, or, rather, the same subject is repeated in a different form. This form of notice is not to be commended, but it would hardly be a fair construction of it to hold that it does not show the amount for which the land was sold.

The notice was erroneous in specifying the date of the judgment, instead of the date of the sale, as the time from which interest was to run, so that the statement of the amount required to redeem was a little over one cent too much. Such trifles are not regarded in the

law. See *Western Land Ass'n* v. *McComber*, 41 Minn. 20, (42 N. W. Rep. 543,) in which the same question was involved. The defect was not substantial. The same is to be said of the claim that by the terms of the notice interest was computed to the date of the notice, and that interest was to be charged on that interest from that time. This would be erroneous, but the amount of the error in this case would be too trifling to be noticed.

The notice shows that to the sum stated as necessary to redeem, interest will be added from the date of the notice, but the rate of the interest to be thus added is not specifically stated. We think, however, that, if it be necessary to state what rate of interest the law prescribes in such case, it sufficiently appears in the preceding part of the notice, in which the rate of interest chargeable prior to the notice is specified.

Judgment affirmed.