ANTON KERN vs. NEHEMIAH P. CLARKE.

Argued Oct. 29, 1894.    Reversed Nov. 8, 1894.

Nos. 8828, 8840.

**Tax judgment void for defective description of the property taxed.**

A tax judgment and the delinquent list contained a description of the land as follows: "S. E. 4, N. E. 4, and N. E. 4, S. E. 4, S. 24, T. 137, R. 35." *Held,* that such description was insufficient, and the judgment void for uncertainty. *Keith* v. *Hayden,* 26 Minn. 212, followed.

**Void tax judgment is not amendable.**

After the tax sale of the premises as above described, the trial court had no authority to permit an amendment of the tax judgment by permitting the insertion therein of the correct description.

**A sale under a void judgment is also void.**

A tax sale made pursuant to a tax judgment which is void for the uncertainty of the description therein contained is also void.

Appeal by defendant, Nehemiah P. Clarke, from an order of the District Court of Wadena County, *G. W. Holland,* J., made March 14, 1894, denying his motion for a new trial.

Appeal also by defendant from an order of the same court made December 4, 1893, amending a tax judgment entered in said court August 3, 1883.

The plaintiff, Anton Kern, claiming to have a valid tax title to the northeast quarter of the southeast quarter and the southeast quarter of the northeast quarter of Section twenty four (24) T. 137, R. 35, containing eighty acres in Wadena county, brought this action in February, 1893, against Clarke to recover $1,300 damages for cutting and converting the pine timber on it. Clarke answered that he had long

owned the land and that plaintiff's tax title was void. On the trial December 4, 1893, it appeared from the evidence that the taxes on the land for the year 1882 were not paid and that in the list of delinquent taxes filed by the county auditor with the clerk of the District Court, June 15, 1883, this land was described as follows: N. E. 4, S. E. 4, and S. E. 4, N. E. 4, S. 24, T. 137, R. 35. It was described in the same way in the tax judgment entered August 3, 1883, and also in the copy judgment given to the county auditor. On September 17, 1883, the auditor offered the land for sale. No one bid and it was struck off and sold to the state for $10.24, the amount of the judgment, interest and costs. No redemption was made and on May 19, 1886, the land was granted and sold by the state to E. H. Rossier and Emil Rossier for $36.84 and they received from the auditor the appropriate instrument conveying to them all the title of the State to the land. They on January 21, 1893, conveyed the land to the plaintiff. Discovering the defect in the judgment he applied to the court on notice and affidavits to have it amended *nunc pro tunc* and on the same day of the trial of this action the court granted the motion and directed its clerk to draw a short horizontal line above the figure 4 (four) wherever it occurs in the description of subdivisions of the section and to write the figure 1 (one) above this line so that the description as amended should read as follows: N. E. $\frac{1}{4}$, S. E. $\frac{1}{4}$, and S. E. $\frac{1}{4}$, N. E. $\frac{1}{4}$, S. 24, T. 137, R. 35. The defendant objected to the order. The clerk made the alteration and plaintiff then offered in evidence the judgment as amended and it was received, defendant objecting. Plaintiff had a verdict for $975. Defendant moved for a new trial but was refused and he appeals. He also appeals from the order allowing the tax judgment to be amended.

*G. W. Stewart,* for appellant.

*Coppernoll & Willson,* for respondent.

BUCK, J. This action involves the validity of a tax judgment, and the sale of real estate under it. The delinquent list described the land as being the "S. E. 4, N. E. 4, and N. E. 4, S. E. 4, S. 24, T. 137, R. 35," but the pu. ..shed list described the land as being the "S. E. $\frac{1}{4}$, N. E. $\frac{1}{4}$, and N. E. $\frac{1}{4}$, S. E. $\frac{1}{4}$," while the tax judgment described the land the same as in the delinquent list. The description

in the delinquent list and in the tax judgment were clearly insufficient, and the tax judgment was void upon its face. We need not enter into any discussion upon this point, for the question was distinctly passed upon by this court in *Keith* v. *Hayden,* 26 Minn. 212, (2 N. W. 495;) and that case was cited approvingly in *Williams* v. *Central Land Co.,* in 32 Minn. 440, (21 N. W. 550,) and *Knight* v. *Alexander,* 38 Minn. 384, (37 N. W. 796.) That such descriptions are void for uncertainty ought to be deemed the settled law of this state, without further litigation or controversy.

The next point is as to the power or authority of the trial court to permit the plaintiff, after the sale, to amend the tax judgment so as to read as follows: "S. E. $\frac{1}{4}$, N. E. $\frac{1}{4}$, and N. E. $\frac{1}{4}$, S. E. $\frac{1}{4}$," instead of "S. E. 4, N. E. 4, and N. E. 4, S. E. 4," as originally described in the judgment. This amendment was permitted by the court upon application of the plaintiff. The judgment was entered on the 3d day of August, 1883; and it does not appear that any application, prior to the time of the trial, had been made to amend or correct the judgment.

But, irrespective of the question of this delay, we are of the opinion that there is no inherent power in the court to authorize an amendment of a judgment in the manner attempted in this case, and we are not referred to any statutory authority where such power is conferred upon the court. This is not a mere voidable judgment, but the lack of jurisdiction to enter it appears upon the face of the record itself. The description of the land in the delinquent list was so uncertain as to be void, and as the same erroneous description appears in the judgment the whole proceeding was void. Such a judgment is a mere nullity, and confers no right and impairs none. It is not like an irregular judgment, which may be corrected by courts when the party takes the proper legal steps to have it amended. The description means nothing, describes nothing, and amounts to nothing. Valuable property rights ought not to be lost or gained upon such descriptions. The defect is not a mere irregularity, but jurisdictional; and the judgment rendered upon it cannot be construed by parol evidence to mean something else than what appears upon its face, especially where such evidence attempts to change the want of jurisdiction to jurisdiction. "An imperfect or vague description in a

tax deed cannot be aided by parol evidence." Black, Tax Titles, § 407.

Even if this were not so, a sale was made of the imperfectly described premises on the 17th day of September, 1883, which sale was based upon the judgment as it stood at the time of its rendition. If the judgment was void, the sale made under it was void. An amendment of the judgment would not, of itself, give validity to the sale. It was held by this court in *Tidd* v. *Rines*, 26 Minn. 201, (2 N. W. 497,) that sales already had under such judgment could not be affected by amendment of the judgment. And Black on Tax Titles (section 409) uses the language, "A tax title is purely technical, as distinguished from a meritorious title, and depends for its validity on a strict compliance with the statute."

The other points argued by counsel need not be discussed here, for they are not necessary to the disposition of the case. Both the order denying a motion for a new trial and the order correcting the tax judgment are reversed.

(Opinion published 60 N. W. 809.)