EDWARD F. WALKER v. J. E. MARTIN.[1]

November 21, 1902.

Nos. 13,302—(256).

### Taxes—Notice of Expiration of Redemption.

If the officer authorized to assess land for taxation places it upon the assessment book or roll, in the county auditor's office, with its value and the name of the owner thereof, it is a sufficient assessment for the pur-pose of addressing the notice of the expiration of the period of redemp-tion from a tax sale, as provided by G. S. 1894, § 1654, even if the assess-ment be defective.

### Same—Unassessed Land.

But in a case where the county auditor simply places unassessed land in the tax duplicate, and extends the taxes thereon at a valuation therein named, a notice addressed to the person named in the tax duplicate is not sufficient to bar the owner's right of redemption from a tax sale.

Appeal by defendant from a judgment of the district court for St. Louis county entered pursuant to the order of Dibell, J. Af-firmed.

*George L. Spangler*, for appellant.

The book known as the tax duplicate list was used as, and is, a full compliance with the statute as an assessment book, suffi-cient to give notice of the expiration of redemption. The tax duplicate list is the book where the assessment is recorded. It contains the certificate of the county auditor. The resolution of the board of equalization, and the act of the auditor in indors-ing the same in the tax list book, and in certifying to the dupli-cate tax list, made a valid assessment, sufficient to give the notice of expiration of the time to redeem. The book is called a tax duplicate list, but in fact was used as an assessment book, as shown by the evidence. The name of the book would not be essen-

[1] Reported in 92 N. W. 336.

tial, but any book used by the auditor containing the name of the owner, description of lands, and assessed valuation, and being the only book used as an assessment book, would be a sufficient compliance with the law, although the book might contain columns of entries for other purposes than strictly necessary for an assessment book. The tax duplicate list book contained all these elements, and the auditor and the board were authorized by statute to make the assessment in the manner they did.

*Alford & Hunt,* for respondent.

START, C. J.

Action to determine adverse claims to real estate. The complaint alleged that the plaintiff was the owner in fee of certain land in the county of St. Louis, describing it; that it was unoccupied; and that the defendant claimed some right or title therein adverse to the plaintiff. The answer put in issue the plaintiff's title, and alleged that the defendant was the owner of the land. The trial court found as a fact that the plaintiff was the owner of the land in fee, and directed judgment for him accordingly, which was entered, from which the defendant appealed.

The assignments of error raise the question whether the finding of fact is justified by the evidence, which is undisputed. The defendant's alleged title rests upon a tax sale of the land for the taxes thereon for the year 1883; and, if the right of redemption therefrom has not been foreclosed by the due service of a legal notice of the expiration of the period of redemption, the plaintiff is the owner of the land, but, if such a notice was given and served, the defendant owns the land.

The land was in an unorganized township, for which no assessor was appointed; nor was any assessment of the land therein for taxation ever made prior to the year 1890, other than as hereafter stated. The evidence shows that the county auditor obtained a list of the lands in the town which were subject to taxation, with the names of the owners thereof, and reported them to the county board of equalization. That board passed a resolution to the effect that such lands should be assessed at $9 per acre. The county auditor, when he made up the tax lists for each year, included such.

lands therein at the valuation determined by the board, and extended the taxes thereon. In the tax duplicate for the year 1886, which was in the usual form, the land here in question was described, and in the column headed, "In Whose Name Assessed," there appeared the name of J. Gordon; but there were no assessment books, lists, or rolls for such town prior to 1890.

The taxes for 1883 became delinquent, and it is ' conceded that judgment therefor was duly entered August 11, 1884, and the land by virtue thereof duly sold to and bid in by the state September 15, 1884. On July 19, 1887, the interest of the state was duly assigned to the defendant's grantor. Two days thereafter notice of the expiration of the period of redemption was issued, which was addressed to J. Gordon, and served on him. Such notice must be directed to the person in whose name the land described in the notice is assessed at the time the notice is issued. If this is not done, the notice is ineffectual to foreclose the landowner's right of redemption. G. S. 1894, § 1654; Western Land Assn. v. McComber, 41 Minn. 20, 42 N. W. 543; Sperry v. Goodwin, 44 Minn. 207, 46 N. W. 328; Mitchell v. McFarland, 47 Minn. 535, 50 N. W. 610.

The question whether the finding of fact by the trial court is supported by the evidence is thus narrowed to the question whether the evidence shows that the notice was addressed to the person in whose name the land was assessed when the notice was issued. The plaintiff claims that it was not, because there was no assessment of the land until 1890. The defendant claims that it was, because the act of the county auditor in placing the land in the tax duplicate at the valuation determined by the board of equalization was an assessment of the land for the purpose of addressing the notice.

The resolution of the board of equalization was not an assessment of the land. State v. Crookston Lumber Co., 85 Minn. 405, 89 N. W. 173. Land is assessed for the purpose of addressing the notice of the expiration of the period of redemption when the assessor returns the assessment book to the county auditor. Eide v. Clarke, 57 Minn. 397, 59 N. W. 484. But if the officer authorized to assess land for taxation places it upon the assessment book

or roll in the county auditor's office, with its value and the name of the owner thereof, it is a sufficient assessment for the purpose of addressing the notice, even if the assessment is defective. Such, however, is not this case, for here there was no pretense of assessing the plaintiff's land. The act of the auditor was simply an attempt to tax unassessed land by placing it on the tax duplicate. The giving of the notice is the last act whereby, if there be no redemption, the title of the owner is transferred from him to the tax-title purchaser; and it must be given in strict compliance with the statute, or it does not bar the landowner's right of redemption. Gahre v. Berry, 82 Minn. 200, 84 N. W. 733.

We are therefore not at liberty, although this case is a unique one, in that there never was any assessment of the land, to substitute the tax duplicate in place of an assessment, and hold the notice good because it was addressed to the person named in the tax duplicate as the person in whose name the land was assessed. The defendant should have waited until the land was assessed, and then applied to the auditor to issue the notice. We accordingly hold that no legal notice of the expiration of the period of redemption was ever given in this case, and that the finding of fact by the trial court is sustained by the evidence.

Judgment affirmed.