## WILLIAM SHINE v. JOHN OLSON.[1]

January 28, 1910.

Nos. 16,388—(168).

**Tax Sale — Expiration of Redemption — Error in Notice.**

Whether or not an error in a notice of the expiration of the period of redemption from a sale for taxes is material depends upon the character of the error and the particular circumstances in the case in which it occurs, viewed in the light of the rule that the statutes must be strictly complied with.

[1] Reported in 124 N. W. 452.

**Same — Whether Material.**

While it is the rule that the law does not regard an error which is a mere trifle, the determination as to what is a trifle must depend upon the facts in each case, and whether or not an error amounting to a few cents will be disregarded depends to some extent upon the amount of the original tax in connection with which the error occurs.

**Notice Void.**

A notice of expiration of time for redemption gave the amount required to redeem as the amount of principal and interest computed to the date of notice, and interest on that sum from the date of notice to the day of redemption. *Held*, the notice was void.

Action in the district court for Lake county to determine adverse claims to certain land based on a state assignment certificate to an undivided half thereof, and on an alleged notice of expiration of time for redemption, a copy of which was attached to the complaint. The case was tried before Ensign, J., who made findings and as conclusion of law ordered judgment in favor of plaintiff, decreeing him to be the owner of an undivided one half interest in the land and in favor of defendant, decreeing him to be the owner in fee and entitled to possession of the other undivided one half of the land. From the judgment decreeing that John Olson was the owner of one undivided half of the land, plaintiff appealed.

Reversed, with directions that judgment be entered decreeing the plaintiff to be the owner of the premises in question as his rights may appear, subject to the lien of the defendant under the tax certificate, as indicated in the opinion.

*S. L. Pierce,* for appellant.

*John Olson,* pro se.

O'BRIEN, J.

On May 9, 1904, the undivided one half of the north one half of section 8, township 53, range 10, in Lake county, in which the plaintiff claims an interest, was regularly sold for the 1902 tax, amounting to $12.21, and bid in by the state. On July 15, 1905, the certificate was assigned to defendant for $12.52, the original amount of the sale and interest to date of the assignment. On May 10, 1907, the

notice of expiration of the period for redemption was issued, addressed to William Stine, Robt. H. Newell, and Geo. H. Brewer, and delivered to the sheriff for service, who made return upon the following day that he was unable to find in his county any of the persons to whom the notice was addressed, and that no person was in actual possession of the land. The notice was published for three successive weeks in a newspaper published in Lake county; the last publication May 30. Proof of publication was filed with the county auditor June 8, who, on September 6, 1907, issued a certificate that no redemption had been made. Plaintiff brought this action in July, 1908, to determine adverse claims, depositing with the clerk $20 as a tender to defendant of the amount required to redeem. The court found for the defendant, and judgment was entered in his favor.

The appellant claims that this judgment was erroneous (1) because the notice was prematurely issued; (2) because the notice did not correctly state the amount required to redeem; and (3) because the proof of publication was insufficient. A consideration of the second assignment must result in a reversal of the judgment. A determination of the other claims of the plaintiff is unnecessary.

Section 47, c. 2, p. 26, Laws 1902, which is the enactment governing the procedure now under consideration, provides for a notice specifying " * * * the amount required to redeem such land from such sale exclusive of the costs to accrue upon such notice. * * *" The notice given read: " * * * The above-described piece or parcel of land was sold to the state of Minnesota for the sum of twelve dollars and twenty-one cents ($12.21), and was on the fifteenth day of July, A. D. 1904, assigned by the state of Minnesota the sum of twelve dollars and fifty-two cents, and the amount required to redeem said piece or parcel of land from said assignment, at the date of this notice, exclusive of the cost to accrue upon this notice, is the sum of sixteen dollars and seventy-four cents ($16.74) and interest at the rate of twelve per cent. per annum from this day to the day such redemption is made. * * *"

The defendant was entitled to interest upon $12.52 from the fifteenth day of July, 1904, to the date of redemption; but, as will be observed, instead of so stating, interest was computed to May 10,

1907, and the notice stated the amount required to redeem to be the total amount of principal and-interest due upon that date, to wit, $16.74, and interest at twelve per cent. per annum from the date of the notice to the date of redemption. The notice did not specify correctly the amount required to redeem, nor did it comply with the statute, in that it required the redemptioner to pay interest on the amount due at the day of the notice to the day of redemption, instead of on the amount for which the land was sold by the state, with interest from the day of such sale to such redemption, and therefore was void. Section 34, c. 2, Laws 1902; Kipp v. Johnson, 73 Minn. 34, 75 N. W. 736.

It is urged by the defendant that this error is so insignificant that the court will disregard it under the well-known rule that the law disregards inaccuracies which are mere trifles.

It has often been said that this rule of law, which has its foundation in an old legal maxim, does not apply to tax proceedings, where the holder of the tax certificate claims a forfeiture of the fee. This court has held that the maxim may be invoked in defense of the regularity of such proceedings, but will only be applied with great caution. An examination of the authorities shows that each case must depend upon the particular circumstances surrounding it, and that to say a particular error is or is not a "trifle" is to use a relative term, so that what may properly be disregarded as a trifle in one case by no means determines that a similar error, or amount, will be considered trifling in all cases. In Western Land Assn. v. McComber, 41 Minn. 20, 42 N. W. 543, a fraction of a cent was disregarded. In Robert v. Western Land Assn., 43 Minn. 3, 44 N. W. 668, a little over one cent was similarly treated. In London & N. W. Am. M. Co. v. Gibson, 77 Minn. 394, 80 N. W. 205, 777, seventy-five cents, where the original judgment was $628.03, was held trivial. In Security Trust Co. v. Von Heyderstaedt, 64 Minn. 409, 67 N. W. 219, a sale for $17, where the tax was $18.46, was held sufficient to invalidate the proceedings. While in Willard v. Hodapp, 98 Minn. 269, 107 N. W. 954, an error amounting to thirty-eight cents was disregarded. The language of this court in the McComber case, at page 24 of 41 Minn., and page 544 of 42 N. W., indicates that the

court then held that what would or would not be considered a trifle to be disregarded depended upon the particular circumstances involved; the court saying: "It is enough to say that the maxim is here applicable that the law does not regard trifling matters."

The authorities in appellant's brief upon this question are in point. In Wells v. Burbank, 17 N. H. 393, the discrepancy was nine cents; in Case v. Dean, 16 Mich. 11, six cents; in Alexander v. Pitts, 7 Cush. (Mass.) 503, a statement of the amount as $4.12, instead of $3.30, was fatal. In McLaughlin v. Thompson, 55 Ill. 249, the following is said at page 251: " * * * And it has been repeatedly held that if any portion of the tax is illegal, or the judgment is too large, only to the extent of a few cents, the sale and tax deed will be void."

In Walker v. Martin, 87 Minn. 489, 92 N. W. 336, it was said: "The giving of the notice is the last act whereby, if there be no redemption, the title of the owner is transferred from him to the tax title purchaser; and it must be given in strict compliance with the statute, or it does not bar the landowner's right of redemption."

We can easily understand that many cases might arise in which an error of the character contained in this notice might be disregarded. Where improvements had been made upon the land, or expenditures incurred in good faith, or where the rights of third persons had intervened, or where the plaintiff had been guilty of laches, a condition might exist in which it would be inequitable to take into consideration a slight inaccuracy. In the absence of a statute declaring what is and what is not a material error, this court is compelled to exercise its best judgment upon each case as it arises, and inasmuch as it cannot be said that this notice was in strict compliance with the statute, and as these proceedings would, if sustained, transfer the title of the plaintiff to the defendant, we do not feel justified under the circumstances of this case in saying that the error is so trifling that it must be disregarded.

The order is reversed, with directions that judgment be entered decreeing the plaintiff to be the owner of the premises in question as his rights may appear, subject to the lien of the defendant under the tax certificate, as indicated in this opinion.