## ,W. C. FOSTER ,v. CLARA C. McCLURE and Others.[1]

May 23, 1913.

Nos. 17,844—(43)'.

**Tax sale — service of notice of expiration of redemption.**

1. Under R. L. 1905, § 956, the notice of expiration of redemption period from a tax sale must be served upon the person in whose name the land is assessed at the time, if he can be· found in the county, and, if not, upon the persons in possession, or, if unoccupied, by publication. It is *held* that,

[1] Reported in 141 N. W. 797.

if the description in the assessment book, claimed to be the description of the land described in the notice, is so indefinite and uncertain as not to describe the land, the notice, served upon those in possession, does not eliminate the right of redemption.

**Description in assessment indefinite.**

2. The description in the assessment book, claimed to be the description of the land described in the notice of expiration involved in this case, is *held* to be so indefinite and uncertain as not to describe the land.

Action in the district court for Todd county to determine adverse claims to certain vacant and unoccupied real estate. The defendants Freeman, Getchel and D. M. Campbell, as special administrator of the estate of John O. McClure, deceased, in their separate answer alleged that defendants Freeman, Getchel and John O. McClure, were sole owners of the real estate described as children and devisees of Clara C. McClure, deceased. The reply denied the allegation of ownership in the answer. The case was tried before Taylor, J., who made findings and as conclusion of law found that the answering defendants were absolute owners of the land described, subject only to the lien of taxes thereon acquired by plaintiff and ordered the premises to be sold to pay them. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Arthur B. Church* and *William G. White,* for appellant.

*John A. Roeser* and *Charles J. Tryon,* for respondents.

DIBELL, C.

This is an action to determine adverse claims. There were findings for the defendants. The plaintiff appeals from an order denying his motion for a new trial.

1. The plaintiff's claim is based upon a tax title. A number of irregularities, claimed to be such as to defeat the tax title, are alleged. We consider one.

By section 956, R. L. 1905, the notice of expiration of redemption period must be "directed to the person in whose name such lands are assessed, specifying the description thereof * * *." The sheriff is required to "serve such notice upon the persons to whom it is directed, if to be found in his county, * * * and, if not so found,

then upon the person in possession of the land * * *;" and if the person to whom the notice is directed cannot be found in the county, and there is no one in possession, the service is made by publication.

The notice was directed to one Clarence E. Wright. The sheriff returned that Wright could not be found in the county, and that he had made service upon certain persons in the actual possession of the land.

If the land was assessed in the name of Wright, we assume the service to be good. Unless the land was assessed in the name of Wright, the service was not good, for the land must have been assessed, and there must have been service upon him in whose name it was assessed, or a return of not found, before a service upon those in possession would be of any force. If the land was not assessed there could be no valid service. Thus, in Walker v. Martin, 87 Minn. 489, 92 N. W. 336, where the question was as to the sufficiency of the notice of expiration, it was held that a notice addressed to the person in whose name it appeared as assessed on the tax duplicate, having been put there by the county auditor, when it had not been assessed at all, was insufficient, and that the tax claimant must wait the giving of notice until a proper assessment was made. Of the necessity of the assessment of the particular land, at the time of the notice, there is no doubt.

2. The land described in the notice of expiration, and in controversy in this case, using the common abbreviations, is the W. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ and S. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of section 24, township 124, range 34. The name of Clarence E. Wright appears in the assessment book opposite certain writing claimed to be a description of this land. The assessment book has been produced for inspection. It is not possible to produce the description in print. The plaintiff claims it should be construed to read "W. $\frac{1}{2}$ S. E. $\frac{1}{4}$ and S. E. $\frac{1}{4}$ S. E. $\frac{1}{4}$," of the proper section, township and range. The letters indicating the compass points, and the word "and," appear, and, under proper headings, the section, township and range, corresponding to the true description. The fraction character "$\frac{1}{2}$" appears after "W." After the first "S. E." appear some markings which, only by a very liberal interpretation, if at all, can be the fraction "$\frac{1}{4}$." After the next "S. E." there

appear two marks, of different lengths, not quite parallel, running to the right and upward. No legal effect can be given them. It is not enough that one can form a good judgment as to what the assessor intended to describe but did not describe with the certainty required in tax proceedings. The last "S. E." has the same marking, and the same statement applies.

The rule applied in Keith v. Hayden, 26 Minn. 213, 2 N. W. 495; Kern v. Clarke, 59 Minn. 70, 60 N. W. 809 and Fagan v. Huntress. & Brown Lumber Co. 80 Minn. 441, 83 N. W. 382, where judgments were held void because of indefinite descriptions, should be applied here. The description is not a good tax description.

Nothing is gained by a suggestion that the first description may be held to be "W ½ S. E. ¼," and good. Unless the whole description is good the notice is bad.

We hold that the description is insufficient and that the right to redeem has not been eliminated.

Order affirmed.

BROWN, C. J., and BUNN, J. (dissenting).

We think that the land appeared from the assessment book to be assessed in the name of Wright, and therefore that the service of the notice was good. Conceding that the description of the land as it appears in the assessment book would have been insufficient if in a tax judgment, tax certificate, or notice of expiration, it does not follow, in our opinion, that the same strict view should be taken when the description appears in the assessment book. Had the land been described in this way in the assessment on which the judgment was based, there would be little question but that it would have been merely an "error, irregularity, or omission in the assessment," such as, under R. L. 1905, § 914, would not have affected the jurisdiction of the court, or have been a ground for collateral attack on the judgment or sale. McNamara v. Fink, 71 Minn. 66, 73 N. W. 649.

If this is so when the technically insufficient description appears in the assessment proceedings preliminary to the judgment, it would seem illogical to hold that notice of expiration of redemption which correctly describes the land is bad because, in the assessment book

for the current year, there are irregularities in describing the land. These same irregularities would not be a ground for a collateral attack on a judgment subsequently entered for the taxes so assessed. The purpose of the statute requiring service of the notice on the person in whose name the land appears to be assessed is to give notice to the owner of the land described in the tax proceedings of the expiration of his right to redeem. This is a method of ascertaining who the owner is. We are unable to agree that the land covered by the tax certificate and described in the notice did not appear to be assessed in the name of the person to whom the notice was addressed.

As we think that the description of the property in the tax proceedings was sufficient, and are unable to sustain any other of the numerous objections made, we are of the opinion that plaintiff had a good tax title, and that the order appealed from should be reversed.