HIRAM B. COLE v. LEO S. LAMM.[1]

December 3, 1900.

Nos. 12,437—(206).

| 81 · | 463 |
|------|-----|
| f83 | 496 |
| 81 | 463 |
| 85 | 529 |
| 81 | 463 |
| e86 | 182 |
| e86 | 183 · |

## Tax Sale under Laws 1899, c. 322—Notice of Time to Redeem.

Where lands forfeited to the state under tax judgments are sold pursuant to the provisions of Laws 1899, c. 322, the notice of such sale provided for by section 3, and the right therein given to redeem is not a substitute for, nor the legal equivalent of, the right secured to landowners to redeem such lands at any time within sixty days after notice of expiration of redemption to be given by the purchaser from the state, as previously required by G. S. 1894, §§ 1654, 1660.

## Purchaser from State—Notice of Time to Redeem.

The purchaser of lands from the state bid in for taxes under G. S. 1894, §§ 1654, 1660, is in all cases required to give sixty days' notice after the three-years redemption period provided by law expires, and upon proof of such notice the additional sixty days becomes a portion of the full redemption period to which the landowner is entitled, and of which he cannot be constitutionally deprived.

## Findings—Notice of Time to Redeem.

Findings of the trial court considered, and *held* that the sixty-day notice of redemption required under tax sales between 1889 and 1894, inclusive, but not given in this case, must be served to effectuate and give validity to a judgment and sale under the "clearing-up tax sale," Laws 1899, c. 322, and that the landowner has the right within the specified sixty days after proof of service to redeem before he is deprived of the title to his land.

Action in the district court for Blue Earth county to determine adverse claims to real estate. The case was tried before Cray, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Modified.

*S. B. Wilson*, for appellant.

*Ransom J. Powell*, for respondent.

LOVELY, J.

Action to determine adverse claims to real estate under G. S.

[1] Reported in 84 N. W. 329.

1894, § 5817. Defendant answered, claiming title to the property in question through a forfeited sale under Laws 1899, c. 322, in which tax judgments for several years since 1889 were bunched, and the land sold according to the provisions of that chapter. The case was tried to the court, who found that the plaintiff was the owner in fee of the premises in dispute, subject to a valid lien for taxes since 1889 and subsequent years prior to and including 1894, together with the penalties and interest thereon, and held that the judgment entered under chapter 322 was void, and did not transfer the title of the land to the defendant. Motion for a new trial was made and denied. Afterwards a motion to vacate such order was also denied. Appeal from the last order brings the whole record into this court for review.

Upon evidence clearly supporting the conclusions of the trial court it was found that prior to the entry of the judgment under Laws 1899, c. 322, tax judgments had been taken against the premises for the taxes of 1889 to 1894, inclusive, and the land sold to the state, but that no notice of the expiration of the time to redeem the premises sold at such sales had ever been given in pursuance to G. S. 1894, § 1654, which provides, in substance, than any person holding a tax certificate shall, after the expiration of the time for redemption of the lands therein described, procure a notice from the county auditor, directed to the person in whose name the lands are assessed, which shall be served in the manner specified therein; and it is further provided therein that the full period of redemption shall not expire

"Until sixty days shall have elapsed after the service of such notice and proof thereof has been filed  *  *  *  provided, that the title to all lands sold to purchasers  *  *  *  shall not vest in the purchaser, and the time for redemption shall not expire until the notice contemplated by this act shall have been given by said purchaser."

In the view we have taken in disposing of this appeal, it is only necessary to determine the effect of the failure of the purchaser to comply with the terms of section 1654 upon the general clearing-up sale (Laws 1899, c. 322) under which the defendant claims.

Prior to 1889 lands bid in for the state, and not redeemed within

three years (G. S. 1894, § 1602), became the property of the state, and were thereafter subject to be sold by the state, and an absolute title without redemption conveyed to the purchaser. "Permission to redeem up to the time of such a sale is given, but not afterwards, and of course no notice to redeem could be required where no redemption is allowed." Laws 1877, c. 6, § 32; G. S. 1878, c. 11, §§ 101, 102; G. S. 1894, §§ 1616, 1617; State v. Smith, 36 Minn. 456, 32 N. W. 174. But by the statute of 1899, under which the tax judgments were rendered that were bunched, and the land sold, in this case, a new regulation and an additional sixty-day period of redemption, depending upon the act of the purchaser, was required in all cases, as set forth above in G. S. 1894, § 1654, and afterwards extended in 1893 (G. S. 1894, § 1660).

It seems quite clear that the several sales included in the tax judgment under Laws 1899, c. 322, were controlled by the redemption period provided for at the time when such sales were made, since the period of redemption existing at the time of the original sale became an assured right between the landowner and the state, which could not be taken from him; and he might thereafter go his way relying upon the assurance of the law that he would not be deprived of the title to his property until notice had been given, and the additional time to redeem had expired thereafter, for, as expressed by START, C. J., in a recent case, "The right of the property acquired by the purchaser at a tax sale and the right of redemption by the owner must be governed by the law in force at the time of the sale" (Kipp v. Johnson, 73 Minn. 34, 35, 75 N. W. 736, 737); it follows that, added to the three-year period of redemption previously provided for, a further redemption period of sixty days was imposed thereby, in each and all of the sales bunched and included in the clearing-up sale on which defendant's title depends, and was as much a portion of the redemption period to which the owner of the land was entitled as the original three years previous to 1889. The added sixty-day period of redemption vested a substantial property right in the owner, and he might rely thereon. Kenaston v. Great Northern Ry. Co., 59 Minn. 35, 39, 60 N. W. 813; State v. Nord, 73 Minn. 1, 75 N. W. 760; Kipp v. Johnson, supra.

While it was the purpose of the "clearing-up" statute of 1899 to avoid and set at rest all questions of irregularity that merged in previous tax sales upon which the statute of limitations had not run, yet it must be held essential, before a tax judgment included in such sale could be made effectual under chapter 322, supra, that the additional sixty-day notice by the purchaser must be given in addition to the notice provided for in section 3 of that chapter, which is not a substitute nor equivalent of the redemption notice theretofore required by law, since such prior provision which conferred vested rights upon the landowner at the time of the original sale is not affected by the section of chapter 322 repealing all acts inconsistent therewith, for such vested rights in the owner could not be constitutionally taken away, even by legislative action. 1 Desty, Taxn. 138, and cases cited.

We have examined carefully other objections made to the tax judgment under the clearing-up sale in this case, and deem them to be technical, and not of sufficient merit to require specific consideration. Full force and effect should be given to the act of 1899, but it cannot be extended to impair the constitutional right of the landowner to redeem under the statute existing at the time each tract of land was bid in by the state. In a word, our conclusion is that as to all land forfeited to the state subsequent to 1889 the owner had a vested right to the sixty-day notice of the expiration of the time of redemption after the state had sold the land to an actual purchaser; hence the only way to sustain the constitutionality of Laws 1899, c. 322, is to hold, as we do, that all sales under that act were made subject to the landowner's right to such notice of the expiration of the period of redemption. It follows that the plaintiff in this case is the owner of the land in question subject to the tax sale thereof to the defendant, from which he may redeem within sixty days after the notice of expiration of the time of redemption is given and filed according to law.

Ordered, that this cause be remanded, with directions to the district court to amend its conclusions of law, and enter judgment in accordance with these views.