JENNIE E. WYMAN v. D. A. J. BAKER and Another.[1]

June 7, 1901.

Nos. 12,608—(128).

## Newspaper—Change of Publisher—Affidavit.

Where an affidavit has been filed with a county auditor by the publisher of a newspaper, in accordance with the provisions of G. S. 1894, § 7994, the presumption is that the newspaper therein shown to be qualified continues so to be until the contrary is established. It is not necessary, if there be a change of publishers, that another affidavit be filed.

## Notice of Expiration of Redemption—Assignment by Insolvent.

When the owner of real property has made an assignment for the benefit of his creditors under the state insolvency law, it is not necessary that a purchaser thereof at a sale made in proceedings to enforce the collection of taxes give a notice to the court or to the assignee of the time of expiration of the period of redemption, or that, in order to perfect his title, he must cause such assignee to be brought into the tax proceedings.

Action in the district court for Ramsey county to determine adverse claims to real estate. Defendant H. L. Williams, as assignee for the benefit of creditors of defendant D. A. J. Baker, insolvent, alone appeared and answered. The case was tried before Kelly, J., who made findings of fact and as conclusions of law determined that unless defendant Williams should within ninety days from the date of filing the decision pay to plaintiff, or pay into court for the benefit of plaintiff, all moneys paid by her for taxes and certificates of tax sale upon the land described, together with interest, costs, and disbursements, the plaintiff should have judgment as prayed; and in the event of such payment within the time limited that judgment be entered in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Reversed and remanded.

*C. M. Ferguson*, for appellant.

*Chas. N. Bell* and *George E. Budd*, for respondents.

[1] Reported in 86 N. W. 432.

COLLINS, J.

This is an action to determine an adverse claim made to real property, and plaintiff's title is dependent upon the validity of a tax judgment, sale, and proceedings subsequent thereto, including a notice to redeem properly served upon the defendant Baker, in whose name the property was assessed for taxation, and who was the owner of the land in August, 1893, when he made an assignment of his property to defendant Williams, for the benefit of his creditors, under the state insolvency law. No redemption was made. The tax judgment was entered in 1895, in proceedings to enforce the collection of taxes for the year 1893. The proceedings are admitted to be regular, except as hereinafter stated. The plaintiff was the purchaser at the tax sale. Certificates in due form were issued to her, and, after the time for redemption expired, she obtained the auditor's certificate to that effect.

But two points need to be considered: First, the alleged noncompliance of the publisher of the Globe newspaper with G. S. 1894, § 7994, requiring a publisher desiring to publish laws or legal notices to file an affidavit of qualification with the county auditor; second, the claim that the taxing officers of Ramsey county could not proceed adversely against this real estate, because it was in custodia legis, and conduct such proceedings as will permit or give the plaintiff a good title to the property, and thereby take it out from under the assignment, and away from the custody of the court, without notice to the court or the assignee. It is obvious from the decision that the court below rested its conclusion upon the last point mentioned.

1. In the year 1893 the St. Paul Daily Globe was a daily newspaper published by the St. Paul Publishing & Printing Company, and in its behalf the affidavit prescribed by section 7994, supra, was filed in the office of the county auditor of Ramsey county, in which county the tax proceedings were had. No affidavit has been filed since. After this filing the business of publishing the Globe newspaper passed into the hands of a receiver, by order of, and under an appointment by, the district court; and in 1894 the business passed into the hands of a new corporation,—the Globe Pub-

lishing Company. The latter company was the publisher of the paper at the time of the publication of the tax list relied upon. The claim is made by the defendant's counsel that it was incumbent upon the new proprietor and publisher of the Globe to file another affidavit, in order to comply with the statute. That the claim is not well founded seems to us to be perfectly plain. The requirement that the publisher must make and file an affidavit undoubtedly means that it must be made and filed by the publisher at the time it is made and filed, and there is nothing at all in the statute which indicates that another affidavit must be filed, simply because there has been a change in publishers. The qualifications of the paper are to be established by affidavit duly filed, and when this has once been done the presumption is that the paper remains qualified, until the contrary is established. The Globe newspaper had itself been duly qualified and established as a legal newspaper, within the meaning of the act, and that there had been a change in publishers was entirely immaterial. This is the only reasonable view to take of the statute, and, on principle, it is sustained by the decisions of this court in Reimer v. Newel, 47 Minn. 237, 49 N. W. 865, and Norton v. City of Duluth, 54 Minn. 281, 56 N. W. 80. The change of publishers had no effect whatever upon the presumption which arose from the affidavit as soon as it was filed, and in no manner affected the already established legal qualifications of the paper.

2. As already stated, Baker made an assignment for the benefit of his creditors to defendant Williams in August, 1893, and the latter properly qualified and entered upon his duties. The real property in question was part of that covered by the deed of assignment. The proposition is that, sometime and somewhere in the procedure which ended in the filing of the certificate of the county auditor that the time for redemption of the property had expired without redemption, the defendant assignee should have been brought into the proceedings, and have been given an opportunity to redeem from the sale. We find no authority sustaining this position. The steps taken were regular, in so far as shown, and the officers proceeded in strict accordance with the statute

in an attempt to collect these taxes. The purchaser at the sale (this plaintiff) complied with the statute when she caused the notice to redeem to be given and served upon the defendant Baker, the sheriff made proper return, and after the time to redeem had expired, without redemption, the county auditor performed his duty by making the certificate before mentioned. To require the assignee to be brought into the proceedings, to be given notice, or made a party, would read into the statute a most remarkable provision, and would impose upon public officers, who are simply performing their duty as prescribed by law, or upon the purchaser, an obligation to discover in some manner that an assignment for the benefit of creditors has been made by the owner of the property proceeded against. It would require of them nothing more or less than an impossibility. The state, in levying taxes, is exercising its sovereign power; and, in the language of the learned Justice Brewer in Central Trust Co. v. Wabash, St. L. & P. Ry. Co. (C. C.) 26 Fed. 11,

"There should be no interference with its collection of those taxes in its prescribed and regular methods, even by a court having property in the possession of its receivers, unless it is first charged that the taxes are in some way illegal or excessive."

In Stevens v. New York & O. M. R. Co., 13 Blatchf. 104, Fed. Cas. No. 13,405, it was well said that

"There is no sound principle upon which the property of a person or a corporation which is placed in the hands of a receiver by a court of justice for the purposes of a suit pending in such court can be regarded as being thereby rendered exempt from the operation of the tax laws of the government within whose jurisdiction such property is situated."

To say that the tax laws do not operate upon property held in trust exactly as upon other property is to add a provision to the tax laws.

It is the right of the state, through its officers, to enforce the collection of all taxes upon real property in the way pointed out by the statute. It is the duty of these officers to first obtain judgments against all tracts of real estate upon which taxes are unpaid and delinquent, and then to proceed to sell in accordance with

the law to all who wish to buy. There can be no interference with the methods provided for bidders at the sales through which they can make their purchases available, without seriously interfering with the collection by the state of its revenues. It may be true, as claimed by counsel for the defendant assignee, that, unless an assignee is advised of the delinquency, there is an opportunity for collusion between the assignor and some other party whereby the insolvent estate may be deprived of property which should enter into and be disposed of for the benefit of creditors, but in all cases where property is held in trust there is an opportunity for fraudulent practices through which adverse titles may be collusively secured. That this may occur is no reason why the state should be directly or indirectly delayed in or deprived of its statutory methods of collecting its revenues. We have examined with care the cases relied upon by the learned court below, but not one of them is authority for the position taken by defendant assignee. The principal one cited is that of In re Tyler, 149 U. S. 164, 13 Sup. Ct. 785, in which a sheriff, for the purpose of collecting a state tax, had taken manual possession of personal property actually in the hands of a receiver appointed by a federal court, and such sheriff persisted in retaining possession in defiance of the court's order. It was a case of an actual physical invasion of the custody of the receiver of personal property by a local officer in wanton disregard of the order of the court having possession. It is not at all in point in proceedings to enforce the collection of taxes upon real property in an orderly manner, and in strict accordance with a statute. In fact, we have found no case which goes to the extent herein demanded by the assignee, except those in which there has been a seizure and manual taking of personal property in defiance of the fact that it was in the custody of the court and in the actual possession of its receiver. Such is not the proceeding at bar.

Order reversed and case remanded, with instructions to proceed in accordance with these views.