ELK GARDEN CO. v. T. W. THAYER CO.

(District Court, W. D. Virginia, at Abingdon. May 20, 1913.)

1. JUDGMENT (§ 948*)—PLEADING—PLEAS—VIRGINIA STATUTE.

Code, Va. 1904, § 2734, which provides that, in actions of ejectment, "the defendant may demur to the declaration as in personal actions or plead thereto, or do both; but he shall plead the general issue only, which shall be that the defendant is not guilty of unlawfully withholding the premises claimed by the plaintiff in the declaration," was intended to simplify the proceedings, and should be construed as applying to those pleas in bar only which go to the merits of the case and not to pleas setting up legal estoppels, as a plea of res judicata.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1787–1793; Dec. Dig. § 948.*]

2. COURTS (§ 339*)—FEDERAL COURTS—FOLLOWING STATE PROCEDURE.

The federal conformity statute (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]) vests the court with a discretion as to following state trial statutes, and it should decline to follow such a statute where it appears that it would unnecessarily prolong the litigation and add to the expense.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 914; Dec. Dig. § 339.*]

3. JUDGMENT (§ 649*)—JUDGMENTS OPERATIVE AS BAR—JUDGMENTS NOT REVIEWABLE.

The conclusiveness between the parties of a judgment of a court of competent jurisdiction directly determining a matter in issue does not depend upon whether or not the law subjects such judgment to review by an appellate court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1161; Dec. Dig. § 649.*]

4. JUDGMENT (§ 747*)—RES JUDICATA—EJECTMENT—PRIOR JUDGMENT IN TRESPASS.

Under the law of Virginia, which, by Code Va. 1904, § 2756, makes a single judgment in ejectment conclusive, and also permits title to be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

relied on as a defense and litigated under the general issue in an action of trespass, and where on a plea of res judicata evidence aliunde is admitted to show what was litigated and decided in the former action, a judgment rendered in an action of trespass actually determining the question of title is a bar to a subsequent action of ejectment between the same parties or their privies.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1053, 1284–1296; Dec. Dig. § 747.*]

5. JUDGMENT (§ 720*)—RES JUDICATA—EXTENT OF ESTOPPEL.

Where the cause of action is different, a former judgment is an estoppel only as to a matter which was actually litigated and decided.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1251; Dec. Dig. § 720.*]

At Law. Action by the Elk Garden Company against the T. W. Thayer Company. On objections by plaintiff to filing of pleas of res judicata. Overruled as to one plea, and sustained as to one.

See, also, 179 Fed. 556.

H. E. Widener and Page, Fulkerson & Widener, all of Abingdon, Va. (J. C. Padgett, of Independence, Va., on the brief), for plaintiff.
White, Penn & Penn, of Abingdon, Va., for defendant.

McDOWELL, District Judge. This is an action of ejectment, instituted in 1910, for a tract of land in this district which is alleged in the declaration to have been conveyed to the plaintiff by the Douglas Land Company on November 29, 1909. The defendant has filed a disclaimer as to all of the land described in the declaration except as to a certain parcel thereof, which it is admitted is the same parcel that was in controversy in the litigation to be hereinafter mentioned. The defendant has also tendered two pleas of res judicata, to the filing of which the plaintiff objects. The first plea is in brief to the following effect: That in 1905 this defendant brought in a court of competent jurisdiction an action of trespass quare clausum fregit against the Douglas Land Company, the predecessor in title of the plaintiff, in which action the Douglas Land Company (the defendant) pleaded only the general issue. On the trial the title to the land was put in issue, and was the only question litigated in that action. This action resulted in a final judgment for damages in favor of the Thayer Company, which stands unreversed. It is also alleged that the Elk Garden Company has no other title or claim to the land in controversy than the title which was adjudicated in the action of trespass. The record, including a transcript of the evidence and the instructions of the action of trespass, is exhibited as a part of the plea. It may be well to state here that the reversal reported in Douglas Land Co. v. Thayer Co., 107 Va. 293, 58 S. E. 1101, was followed by a new trial resulting in the same verdict and judgment as before, and that this judgment has not been reversed. The second plea is to the following effect: That pending the action of trespass, mentioned in plea No. 1, the Douglas Company again commenced to cut the timber on the land in controversy and the Thayer Company brought its bill in chancery to enjoin this second trespass and to recover damages therefor; that the Doug-

las Company by its answer admitted the cutting of the timber, but contended that it owned the land; that each party in the chancery suit introduced and relied upon the same titles that were relied upon in the action of trespass, and that the question of title was the only question actually placed in issue in the chancery suit; that the Elk Garden Company succeeded to the title of the Douglas Company in 1909, and has no title or claim other than that asserted in the action of trespass and in the chancery suit. It is further alleged that the chancery suit was finally decided in favor of the Thayer Company, and that this judgment stands unreversed. The record of the chancery suit is exhibited with the plea.

[1] The first ground of objection to filing these pleas is based on the language of section 2734, Va. Code 1904:

"The defendant may demur to the declaration, as in personal actions, or plead thereto, or do both; but he shall plead the general issue only, which shall be, that the defendant is not guilty of unlawfully withholding the premises claimed by the plaintiff in the declaration."

This provision first appeared in the Code of 1849. A glance at 1 Code 1819, p. 496, sufficiently indicates the chief purpose intended by the language in question. It was, as I conceive, to simplify the proceedings in ejectment and to abolish the numerous and technical special pleas to the merits in use prior to 1849. That pleas in abatement are not forbidden by this statute was decided in James River Co. v. Robinson, 57 Va. 434, 438. And although it is there said that pleas in bar, other than pleas of not guilty, are forbidden, this statement is a dictum. A statute which was intended to simplify proceedings should not be held to have just the opposite effect. A plea of res judicata, true in fact and well taken in point of law, can only have the effect of simplifying and shortening the litigation and saving expense. It would seem, therefore, that the statute should be construed as applying only to those pleas in bar which go to the merits of the case, and not to pleas setting up legal estoppels. Moreover, if it be technical error to admit a plea of res judicata, which is sound in law, it is assuredly harmless error. Reynolds v. Cook, 83 Va. 817, 825, 3 Atl. 710, 5 Am. St. Rep. 317.

[2] In this court there is a further objection to giving full effect to this statute, even if it be construed as forbidding pleas of res judicata. So to do is to unwisely incumber the administration of justice in this court. If either of these pleas is true in fact and sound in law, this cause can be justly brought to a speedy conclusion. The plaintiff need only fail to file a replication. Judgment for the defendant, final and open to review by the appellate court, will immediately follow. If, however, leave to file both pleas is refused, a trial by jury will be necessary, and in prudence the defendant will resist the plaintiff on every point. The defendant's first opportunity to raise the question of estoppel will be by introducing the record of the former trial in evidence. And, in view of the room for controversy as to the question to be hereinafter discussed, the defendant in the exercise of reasonable prudence will undoubtedly also introduce all of its evidence of title. That the trial thus conducted will occupy many days and involve the

parties in great expense is highly probable. There is certainly some discretion vested in the federal trial courts in respect to following state trial statutes. R. Co. v. Horst, 93 U. S. 291, 301, 23 L. Ed. 898; Shepard v. Adams, 168 U. S. 618, 625, 18 Sup. Ct. 214, 42 L. Ed. 602; Chappell v. U. S., 160 U. S. 499, 514, 16 Sup. Ct. 397, 40 L. Ed. 510. And this seems a proper occasion for declining to follow a practice directed by a literal construction of section 2734 of the Code.

[3] The next ground of objection is based on the theory that a judgment in trespass, or at least such judgment where the title was not put in issue on the record by special plea of title, is not an estoppel in a subsequent action of ejectment. It seems that there is not only no settled course of decision, but not even a single reported case, on this precise point in Virginia. In the minority opinion in Douglas Co. v. Thayer, 113 Va. 239, 74 S. E. 215 (the review of the chancery cause above mentioned), it is argued that, because in this state a judgment in trespass in which damages of less than $300 are awarded is not reviewable at the instance of the defendant, it should be held that such judgment is not an estoppel in a subsequent action of ejectment. But even if the premise be admitted as settled, and of this I must confess to some lingering doubt, the argument drawn from the premise is most effectively rebutted by Johnson Co. v. Wharton, 152 U. S. 252, 256, 14 Sup. Ct. 608, 609 (38 L. Ed. 429), in which case it is said:

"Does the principle of res judicata in its application to the judgments of courts of general jurisdiction depend, in any degree, upon the inquiry whether the law subjects such judgments to re-examination by some other court? Upon principle and authority these questions must be answered in the negative. We have not been referred to, nor are we aware of, any adjudged case that would justify a different conclusion."

To which it may be added that, if the foregoing is not accepted as conclusive, every statement of the doctrine of res judicata found in the standard authorities must be forthwith amended so as to embody a new rule to the effect that a final judgment of a trial court of competent and general jurisdiction can not be res judicata unless such judgment was appealable.

Although the precise point here presented has not been adjudicated in Virginia, the principle involved seems to me to be thoroughly settled in this state. See R. Co. v. Rison, 99 Va. 18, 32, 37 S. E. 320, 324, in which it is said:

" 'There is no doubt that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies, whenever the existence of that fact is again in issue between them, not only when the subject matter is the same, but when the point comes incidentally in question in relation to a different matter, in the same or any other court, except on appeal, writ of error, or other proceeding provided for its revision. * * *' This principle has been frequently recognized and applied in this state (Shelton v. Barbour, 2 Va. 64; Preston v. Harvey, 2 H. & M. 63; Douglass v. Fagg, 35 Va. 588; see also 7 Rob. Prac. pp. 237, 240 et seq.), and has been fully recognized in cases where it was held not to apply; Chrisman v. Harman, 70 Va. 500 [26 Am. Rep. 387]; Blackwell v. Bragg, 78 Va. 540."

[4] In this connection it should be said that in this state in trespass q. c. f., under plea of not guilty only, title may be relied upon and as fully and freely litigated as in any other form of action. Doug-

las Co. v. Thayer, 113 Va. 239, 249, 74 S. E. 215; Callison v. Hedrick, 56 Va. 244, 248. And in this state it is wholly unnecessary to plead specially a defense which may be made under the general issue. Indeed, it was at one time held to be error to permit this. It is further to be borne in mind that since 1849 by statute in this state (section 2756 Code 1904) a single judgment in ejectment is conclusive. In jurisdictions, if any now, in which a plea of res judicata may be supported only by the pleadings and judgment in the former trial, it is necessary to hold that a judgment in trespass on a plea of not guilty only does not sustain the defense of res judicata in a subsequent action of ejectment. But in this state evidence aliunde is always admitted to show what was litigated and decided in the former suit. See Kelly v. Board, 66 Va. 755, 761; Allebaugh v. Coakley, 75 Va. 628, 637; Withers v. Sims, 80 Va. 651, 660; 1 Barton, Law Pr. (2d Ed.) p. 535. So also, in those jurisdictions in which a single judgment in ejectment is not conclusive, there is strong reason for holding that a judgment in trespass may not be res judicata in a subsequent action of ejectment. But, as in Virginia a single judgment in ejectment is conclusive, I am unable to think of any satisfactory reason supporting the plaintiff's contention.

If, however, the question should be regarded as entirely open in this state, the weight of authority generally seems to be clearly with the defendant. Campbell v. Rankin, 99 U. S. 261, 263, 25 L. Ed. 435; Miles v. Caldwell, 2 Wall. 35, 17 L. Ed. 755; Railroad Co. v. U. S., 168 U. S. 1, 48, 18 Sup. Ct. 18, 42 L. Ed. 355; 1 Freeman, Judgments (4th Ed.) § 311, and note King v. Chase, 41 Am. Dec. 683; 23 Cyc. 1304, 1319, 1334; Wells, Res Judicata, § 287; 1 Herman, Estoppel, § 208; Van Fleet, Former Adj. § 404. No detailed discussion of the decisions from other states supporting the opposite view seems necessary. Every such case that I have been able to find is based on some one or more reasons which are without weight under the rules of law prevailing in this state.

It follows that the objections to the first plea must be overruled. The second plea on its face presents the same question; but an examination of the record of the chancery suit, which is exhibited with and as a part of the plea, shows that in fact the title to the land was not litigated and decided in that suit. The chancery suit was, in effect, decided on an issue of res judicata. The court held that the judgment in the action of trespass, which had been concluded before final decree in the chancery cause, which fact was set up in an amended bill, estopped the Douglas Company from relying upon title and therefore the court did not consider the question of title. Doubtless the title might have been litigated in the chancery cause. But the cause of action in that suit was a trespass, the cutting of timber in October, 1905, while the cause of action at bar is an ouster and retention of possession by the defendant in 1909.

[5] Notwithstanding some unguarded expressions of opinion in some of the Virginia cases, I think it is as well settled in this state as it is generally that, where the cause of action is different, a former judgment is an estoppel only as to a matter which was actually litigat-

ed and decided. Miller v. Wills, 95 Va. 337, 353-4, 28 S. E. 337; Harrison v. Walton, 95 Va. 721, 724, 30 S. E. 372, 41 L. R. A. 703, 64 Am. St. Rep. 830; Cromwell v. County, 94 U. S. 351, 24 L. Ed. 195; Davis v. Brown, 94 U. S. 423, 428, 24 L. Ed. 204; Roberts v. R. Co., 158 U. S. 1, 29, 15 Sup. Ct. 756, 39 L. Ed. 873.

It is argued that the decision in the chancery cause is res judicata, because in that case the question which we now have under discussion was litigated and decided. But it seems to me that this is a misapprehension of the question which was an issue in the chancery cause. The question there decided was whether or not the judgment in a previous action of trespass was res judicata in a chancery suit used as a substitute for a second action of trespass. The question here is as to the effect of a previous judgment (whether in trespass or in an equity suit used as a substitute for trespass) as res judicata in a subsequent action of ejectment.

It follows that the judgment in the chancery suit cannot be relied upon as an estoppel in the present action, and that the objection to the second plea must be sustained.

Of the partial reversal of the trial court's decree in the chancery cause in 113 Va. 239, 74 S. E. 215, supra, it may here be noted that that decree, as construed by the Court of Appeals, was erroneous, in that it undertook to adjudicate a question which was coram non judice.