MABEL BURBRIDGE v. ELLA M. WARREN AND OTHERS.[1]

February 15, 1918.

No. 20,708.

**Tax sale — affidavit of publication defective — expiration of time for redemption.**

Plaintiff claims title to land under a sale for taxes held under Laws 1913, c. 543. It is *held*:

(1) The notices of expiration of redemption were not served as required by law, for the reason that the affidavit of the publisher of the newspaper in which service by publication was attempted to be had stated that it was "generally circulated in Ramsey county and elsewhere." This was not proof of a legal publication. Lovine v. Goodridge-Call Lumber Co. 130 Minn. 202, followed.

(2) The time for redemption from a tax sale made under Laws 1913, c. 543, does not expire until the service of a notice and the expiration of 60 days thereafter.

[1]Reported in 166 N. W. 403.

Action in the district court for Ramsey county to determine adverse claims to certain real estate. The separate answer of defendant Warren alleged that she was the owner in fee simple of the land. The case was tried before Orr, J., who made findings and ordered judgment in favor of plaintiff. From an order denying her motion for a new trial, defendant Warren appealed. Reversed.

*James E. Trask,* for appellant.

*Russell L. Moore,* for respondent.

BUNN, J.

Action to determine adverse claims to 26 lots in St. Paul. The decision was for plaintiff, and defendant appeals from an order denying a new trial.

It is conceded that defendant is the owner of the lots, unless her title has been divested by a sale for taxes held pursuant to Laws 1913, p. 781, c. 543. The facts as found by the trial court are as follows:

The taxes on the lots for each and all of the years 1898 to 1912 inclusive became and were delinquent. Under the provisions of Laws 1913, p. 781, c. 543, the auditor of Ramsey county on May 12, 1914, sold the lots to plaintiff, and issued to her a certificate of sale for each lot. Plaintiff procured the issuance of notices of expiration of redemption from the sale to her, which were served by publication. There was no redemption and the certificate being presented to the Governor, he issued his deed to plaintiff in the form prescribed by Laws 1913, p. 781, c. 543. This deed was duly recorded, and plaintiff entered into possession of the premises. The conclusion of law was that plaintiff was the owner of the lots, and that defendant had no right, title, estate, lien or interest therein.

The findings of fact are not challenged. The conclusion of law is. It can only be sustained by holding either that the time for redemption was cut off by the notices and the expiration of the 60 days, or that under Laws 1913, p. 781, c. 543, there was no right of redemption after the sale.

1. The notices of expiration of the time for redemption were attempted to be served by publication. In our opinion defendant's point that there was no proof of the legal character of the newspaper in which

the publications were made is sound. The affidavit of the publisher stated that the newspaper is published in the city of St. Paul, has been delivered each week to more than 240 paying subscribers, and that it was "generally circulated in Ramsey county and elsewhere." The law (G. S. 1913, § 9413), requires that the newspaper must be circulated "in and near" its place of publication to the extent of at least 240 copies. The affidavit did not prove a legal publication. Lovine v. Goodridge-Call Lumber Co. 130 Minn. 202, 153 N. W. 517. It is unnecessary to consider any of the other points made against the notices or their attempted service.

2. The decision of the trial court was that sales under Laws 1913, p. 781, c. 543, were not subject to redemption, but were absolute. In an able opinion the learned trial judge distinguishes the case of Cole v. Lamm, 81 Minn. 463, 84 N. W. 329, and holds that it was not necessary to give notice of the expiration of redemption. Counsel for defendant claims that it was necessary to give notice of expiration of redemption, that the case is not to be distinguished from Cole v. Lamm. He also argues vigorously that chapter 543 is unconstitutional for various reasons.

Laws 1913, p. 781, c. 543, is entitled "An Act to enforce payment of taxes which have become and are delinquent for each and all of the fifteen years next prior to the year 1914." Section 1 provides that at the time of making the list of delinquent taxes upon real estate in the year 1914, as required by Laws 1905, § 905, the auditor of each county shall make out and append to such delinquent list a list of all real estate in the county upon which taxes "have become and are delinquent for each and all of the fifteen years next prior to the year 1914." It is further provided that the list shall contain a description of each parcel, the name of the person to whom assessed, the amount of taxes and interest due, and the assessed value for the year 1912.

Section 2 provides that the same proceedings shall be had, with reference to judgment and sale, as are required by the general tax law, except that separate tax judgment and copy tax judgment books shall be provided.

Section 3 provides that any person having an interest in any tract included in the list may redeem the same at any time before the sale.

Section 4 provides that the sale shall be made by the county auditor

"immediately following the delinquent sale in May," and may continue from day to day to June 1, 1914. The officer conducting the sale is, required to give the purchaser a certificate of sale in a form prescribed by the attorney general.

Section 5 provides that any person receiving the certificate described in the preceding section shall be entitled to a deed from the state, and that upon presentation of the certificate to the Governor he shall be authorized to execute a deed in the name of the state to the person entitled thereto, conveying the lands therein described, and "every such deed shall vest the grantee with complete title to such lands."

We find some difficulty in determining what the legislature meant when it used the words "real estate upon which the taxes have become and are *delinquent for each and all* of the fifteen years next prior to the year 1914." The taxes for 1913 would not be "delinquent" until January, 1915. Hence it may be assumed that it was intended to include real estate upon which the taxes were delinquent for "each and all" of the years 1898 to 1912 inclusive. How can we have lands in this situation? The act does not by its terms expressly include or mention lands which have been sold to the state for nonpayment of taxes, as did the act of 1899, involved in Cole v. Lamm, supra. But it must necessarily be that it was the intention to include such lands, and that at some period prior to the enactment of chapter 2, § 3, p. 2, Laws 1902, these lands were sold to the state at one or two tax sales, in default of an actual purchaser. This is so because it is not perceived how the taxes upon the lands for 1898, for instance, can be delinquent in 1914, unless the lands were included in the delinquent list for 1900, sold to the state at the sale in May of that year and still held by the state. If so sold to an actual purchaser, the taxes would no longer be delinquent. Nor would they if paid by the landowner or by an assignee of the state, or if the lands had been sold at a forfeited tax sale. But they would be "delinquent" if bid in by the state and not redeemed or the state's interest assigned. Jenswold v. Minnesota Canal Co. 93 Minn. 382, 101 N. W. 603. This is applying the presumption that the public officials have performed the duties imposed upon them by statute. Applying the same presumption again, since 1902 these lands have not been included in the delinquent list or in the tax judgment, and have not been sold

for taxes. G. S. 1913, § 2094; Forbes v. Stream, 117 Minn. 484, 136 N. W. 304. Taxes have been assessed for each of these years, and have become delinquent, but there has been no sale, and hence no right of redemption from a sale.

What is the situation as to a right of redemption from the sale of 1900, or the sale of 1901, if there was a sale that year? As held in Cole v. Lamm, supra, the sale for 1900 was controlled as to the redemption period provided for at the time such sale was made, and the period of redemption existing at such time became an assured right between the landowner and the state, which could not be taken from him. What was the redemption period provided for by law in 1900? Laws 1893, p. 167, c. 58, incorporated into the 1894 Statutes as sections 1657 to 1661. was in force in the year 1900, and until the enactment of Laws 1902, p. 1, c. 2. Under this law the time for redemption of land bid in by the state at a tax sale did not expire as to the state until 60 days after giving notice of expiration of the time. The 1902 law seems to have repealed this requirement, but, by its terms, it did not affect any rights accrued under prior laws. Laws 1905, p. 406, c. 270, § 1, again made it necessary to give notice of expiration as to tax sales made to the state. G. S. 1913, § 2149. It follows that by the law in force at the time the tax sale of 1900 was made, which sale we must presume, for reasons before stated, was made to the state, the time for redemption did not expire until 60 days after notice was given. This applies also to the sale of 1901, if the property was sold that year for delinquent taxes. The landowner, as said in Cole v. Lamm, supra, "might thereafter go his way, relying upon the assurance of the law that he would not be deprived of the title to his property until notice had been given and the additional time to redeem had expired" thereunder.

In our opinion, the case is not to be distinguished from Cole v. Lamm, supra. The legislature could not deprive the landowner of his vested right to be notified of the expiration of the redemption period, and to 60 days thereafter in which to redeem. The suggestion that the right given to the landowner by section 3 of the act to "redeem" at any time before the sale, is a substitute for the right to redeem from the sale, is answered by the decision in Cole v. Lamm. This was no new right.

Our conclusion is that it was necessary to give notice of the expiration

of the time for redemption from a sale made under Laws 1913, p. 781, c. 543, and that redemption might be made within 60 days thereafter.

We do not decide as to the constitutionality of the law. It is rather a curious piece of legislation.

Order reversed and new trial granted.