# JAMES SCHOONMAKER v. ST. PAUL TITLE & TRUST COMPANY AND OTHERS.[1]

May 5, 1922.

No. 22,703.

**Legal newspaper — defective affidavit of publication.**

1. The qualification of a newspaper to publish legal notices is not shown by an affidavit of publication which fails to state in substance that such newspaper was circulated in and near its place of publication to the extent of at least 240 copies regularly delivered to paying subscribers.

**Judgment — partition — estoppel of codefendant.**

2. An interlocutory judgment in a suit for partition, which determined that the land was subject to the lien of a judgment in favor of one of the defendants, estops a codefendant from questioning the validity of the judgment in a subsequent action involving the title to the same land in which the defendants or those in privity are adverse parties.

**City of St. Paul — notice of redemption from special assessment.**

3. Under the St. Paul city charter in effect prior to 1914, notice of expiration of the time for redemption from the sale of land for the nonpayment of a special assessment was properly addressed to the person named as the owner in the assessment records in the office of the city treasurer. Specification in such notice of the lump sum representing the assessment, charges and interest calculated to the last day of redemption, was sufficient.

**Payment of prior assessments.**

4. After the amended city charter went into effect in 1914, the payment of prior and subsequent assessments was not essential to entitle a purchaser of land sold for the nonpayment of a special assessment to receive a deed from the city.

Action in the district court for Ramsey county to determine adverse claims to certain vacant and unoccupied real estate. The

[1]Reported in 188 N. W. 223.

case was tried before Michael, J., who, when plaintiff rested, denied defendant's motion to dismiss the action, made findings and ordered judgment in favor of plaintiff. From an order denying his motion for amended findings and conclusions of law or for a new trial, defendant James M. Millett appealed. Affirmed.

*J. P. Kyle* and *J. M. Millett*, for appellant.

*James Schoonmaker* and *William F. Hunt*, for respondent.

LEES, C.

Action to determine adverse claims to a vacant lot in the city of St. Paul. There were findings in plaintiff's favor. The defendant James M. Millett has appealed from an order denying his motion for a new trial. Plaintiff claims title by virtue of two deeds from the city of St. Paul, executed after a sale under special assessment judgments. The validity of plaintiff's claim is questioned on several grounds:

1. Notice of application for the entry of the judgments was given by publication, under the provisions of the charter of St. Paul, adopted in 1900 and amended in 1904. Section 267 directed that the notice should be given by the city treasurer by publication in the official paper of the city. Section 268 required the treasurer to file the notice, together with an affidavit of its publication, in the office of the clerk of the district court. Section 30 provided for the designation of the official newspaper of the city and required it to be qualified under the laws of this state to publish legal advertisements. The notice was published in "The Rural Weekly," referred to in the proceedings as the official newspaper of the city. The affidavit of publication stated that the paper was "printed and published in the city of St. Paul, in the county of Ramsey in the state of Minnesota," was "dated in St. Paul and generally circulated in said city and state;" that at each regular issue more than 240 complete copies were printed, published and delivered to paying subscribers.

We discover no substantial difference between this affidavit and those condemned in Lovine v. Goodridge-Call Lumber Co. 130 Minn. 202, 153 N. W. 517, and in Burbridge v. Warren, 139 Minn. 346, 166 N. W. 403. It failed to comply with the requirements of sub-

section 4 of section 5515, R. L. 1905, now section 9413, G. S. 1913. This court has held in tax cases that it is the fact and not the proof of publication which gives the court jurisdiction. Board of Co. Commrs. of Mille Lacs County v. Morrison, 22 Minn. 178; Bennett v. Blatz, 44 Minn. 56, 46 N. W. 319; Hoyt v. Clark, 64 Minn. 139, 66 N. W. 262; Campbell v. Barry, supra, page 16, 187 N. W. 967. The affidavit was the only proof of the fact of publication so far as the record shows. If the record discloses the manner in which notice was given and this was ineffectual to confer jurisdiction, it will not be presumed that notice was given in some other way. Holmes v. Loughren, 97 Minn. 83, 105 N. W. 558. It appears upon the face of this record that the notices were published, but not that they were published in a qualified newspaper, for there is no presumption of qualification and there was no proof thereof. Wyman v. Baker, 83 Minn. 427, 86 N. W. 432; Lovine v. Goodridge-Call Lumber Co. supra. Chapter 155, p. 158, Laws 1919, purports to legalize affidavits of publication defective in the above mentioned respect. The conclusion stated in the next section of this opinion renders it unnecessary to determine whether it was within the power of the legislature to cure such defects in this manner.

2. On November 11, 1912, an interlocutory judgment was rendered in the district court in an action for partition, in which one Michael J. Doherty was plaintiff and this appellant, the city of St. Paul, and others were defendants. That judgment was involved in Doherty v. Ryan, 123 Minn. 471, 144 N. W. 140. It determined, among other things, that the property was subject to the lien of a judgment in favor of the city for the amount of an assessment levied to defray the cost of grading St. Clair street. It is this assessment which is the basis of one of respondent's deeds. Respondent introduced the judgment in the partition case in evidence. He asserts that it estops appellant from questioning the validity of the judgment in the assessment proceedings. This court has held that parties to a judgment are not bound by it in a subsequent controversy between each other, unless they were adversary parties in the original action. Pioneer S. & L. Co. v. Bartsch, 51 Minn. 474, 479, 53 N. W. 764, 38 Am. St. 511. It has also held that where two claimants of

a tax certificate were joined as defendants in an action involving the validity of the certificate and each answered, asserting ownership of the certificate, and it was adjudged that one of them was the owner, the judgment was conclusive as to that in a subsequent action brought upon the certificate by the successful claimant. Goldschmidt v. County of Nobles, 37 Minn. 49, 33 N. W. 544. In Corcoran v. Chesapeake & O. Canal Co. 94 U. S. (4 Otto) 741, 24 L. ed. 190, it was said [page 744] of codefendants in a suit in equity between whom no issue was raised by the pleadings and no adversary proceedings had, that

"It has long been settled that adverse interests as between codefendants may be passed upon and decided, and if the parties have had a hearing and an opportunity of asserting their rights, they are concluded by the decree as far as it affects rights presented to the court and passed upon by its decree."

The application of this doctrine is illustrated by Central Trust Co. v. Grant L. Works, 135 U. S. 207, 10 Sup. Ct. 736, 34 L. ed. 97; Devin v. City of Ottumwa, 53 Iowa, 461, 5 N. W. 552; Leavitt v. Wolcott, 95 N. Y. 212. Other cases of like import are cited in a note to El Reno v. Cleveland Co. 27 L. R. A. (N. S.) 650, and in Black, Judgments, § 599.

A partition suit is a proceeding in rem. D'Autremont v. Anderson, 104 Minn. 165, 116 N. W. 357, 17 L. R. A. (N. S.) 236, 124 Am. St. 615, 15 Ann. Cas. 114. In its nature the proceeding is equitable. Hoerr v. Hoerr, 140 Minn. 223, 165 N. W. 472, 167 N. W. 735. Under our statute the complaint must set forth the interest of all persons in the property whether by way of ownership or lien. Section 8030, G. S. 1913. Proof of the existence, amount and priority of liens may be made. Section 8042. And there is a provision authorizing their payment out of the proceeds of the sale of the property. Section 8043. Final judgment is entered when the referees report their division of the property or upon the confirmation of a sale when a sale is ordered. Sections 8034, 8048. The judgment upon which respondent relies was not the final judgment to which the statute refers. It was rendered in accordance with the provisions of sec-

tions 8032, 8042. As a rule the doctrine of res judicata applies only to final judgments. Black, Judgments, § 509; Virtue v. Creamery P. M. Co. 123 Minn. 17, 33, 142 N. W. 930, 1136 L. R. A. 1915B, 1179, 1195. The interlocutory judgment determined that the property was subject to the lien of the judgment in favor of the city for the amount of the assessment, and directed a sale of the property and the disposition of the proceeds of the sale. Insofar as these matters were determined, nothing was left for the future consideration or judicial action of the court. To the extent indicated, it fixed the rights of the parties and determined what the final judgment should be. We think the rule applies that, until vacated or amended, an interlocutory judgment in partition is conclusive upon the parties as to every matter adjudicated therein, so that a court may not take any action or make any inquiry at variance therewith. 30 Cyc. 253; Black, Judgments, § 39; Wright v. Nipple, 92 Ind. 310, 316; McFarland v. Hall's Heirs, 17 Tex. 676.

Appellant insists that it cannot be given the effect of a final judgment because it was not appealable. Dobberstein v. Murphy, 44 Minn. 526, 47 N. W. 171. But see Keyser v. Hage, 143 Minn. 447, 174 N. W. 311, where an interlocutory judgment was reviewed, the question of its appeal ability not being directly involved. We do not regard this as an important consideration in determining whether there is an estoppel by judgment. So long as a judgment remains in force it is binding upon the parties and those in privity with them. Even where an appeal has been taken the matters determined by the judgment remain res judicata until the judgment is reversed. State v. Spratt, 150 Minn. 5, 184 N. W. 31. The appellant and the city of St. Paul were both parties to the partition suit. Respondent has succeeded to the city's rights and may claim the benefits of the adjudication, for the judgment in effect is a link in his chain of title. Minn. Deb. Co. v. Johnson, 94 Minn. 150, 102 N. W. 381, 110 Am. St. 354. It is urged that it does not appear that the validity of the city's judgment was in issue in the partition suit or was litigated therein. The settled rule in this state is that the parties and those in privity with them are concluded by the judgment in a former suit, not only as to every matter which was actually liti-

gated, but also as to every matter necessarily involved which might have been litigated therein. White v. Hewitt, 119 Minn. 340, 138 N. W. 421; Kinzel v. Boston & D. F. L. Co. 124 Minn. 416, 145 N. W. 124. It appears upon the face of the judgment that the rights of the city were considered and determined by the court. We cannot assume that the court passed upon a matter foreign to the issues made by the pleadings and not litigated by the parties.

3. The notices of expiration of the time for redemption from the sale named the St. Paul Title & Trust Company as the person to whom the lot was assessed, and state that the amount required to redeem was $475.99. The records in the office of the county auditor showed that the lot was assessed to the St. Paul Title & Trust Company and Virginia Market. The records in the city treasurer's office showed that it was assessed to the St. Paul Title & Trust Company. The proceeding was under the city charter. It provides that, when a public improvement is to be made, notice shall be given to the person whose name appears in the books of the city treasurer as owner or agent of each lot subject to assessment. This is the person referred to in all of its provisions relating to special assessments. Hence we are of the opinion that the notices were properly addressed to the Title & Trust Company.

The provisions of the charter with respect to notices are materially different from those contained in section 2148, G. S. 1913; Gould v. City of St. Paul, 120 Minn. 172, 139 N. W. 293. Cases construing the statute are, therefore, not in point. The statute requires the notice to terminate the rights of redemption from a tax sale to specify two different sums, the amount for which the land was sold and the amount required to redeem. The charter requires the specification of but one amount, namely, the sum total of the assessment, the charges and the interest calculated to the last day of redemption. We think the appellant places a forced construction on the language of the charter in contending that it requires the notice to state separately the amount of the assessment, the amount of the charges and the amount of the interest calculated to the last day of redemption.

4. When respondent obtained his deeds, there were unpaid assessments against the lot originally amounting to $1,213.79. These assessments were levied for local improvements made subsequent to the grading of St. Clair street. Section 285, of the charter, in effect when the grading assessment was levied, provided that no deed of land sold for special assessments should be issued until the purchaser paid all prior and subsequent assessments. In 1914 a new charter went into effect in which this provision is not to be found. Respondent's deeds were executed thereafter. The new charter provides that delinquent special assessments shall be certified to the county auditor for collection in the same manner as county and state taxes. The provision in the old charter was solely for the benefit of the city as an aid in collecting special assessments. Under the present charter the city has nothing to do with the collection of delinquent assessments. Presumably this was the reason for the omission of the provision contained in the old charter. The change did not impair the rights of the property owner or impose any new burden upon him. It merely deprived the city of a remedy for the enforcement of the lien of other assessments. We think it was within the power of the city to legislate as it did, and that the provision of the old charter has no application to deeds issued subsequent to the adoption of the new charter. State v. Krahmer, 105 Minn. 422, 117 N. W. 780; Byers v. Minnesota C. L. Co. 118 Minn. 266, 136 N. W. 880.

The other assignments of error require no special mention.

Order affirmed.