# C. H. BOLSTA, RECEIVER, FIRST STATE BANK OF CORRELL, v. OTTO BREMER.[1]

April 10, 1942.

No. 33,105.

*G. F. Cashman* and *William C. Green,* for appellant.
*Richard Converse,* for respondent.

GALLAGHER, CHIEF JUSTICE.

This action was brought by C. H. Bolsta as receiver of the First State Bank of Correll, Minnesota, for the benefit of G. F. Cashman, the only creditor of the bank, against Otto Bremer, the sole stockholder, to recover assets of the bank alleged to have been wrongfully transferred to defendant in fraud of creditors. From a judgment dismissing the action with prejudice, plaintiff appeals.

The judgment of dismissal was based upon a finding by the trial court that in a proceeding instituted by Cashman under Mason

[1]Reported in 3 N. W. (2d) 430.

St. 1927, § 8025, *et seq.*, to obtain an assessment against stockholders of the bank, "the issue as to whether or not said Cashman had an unpaid claim as a creditor against said bank was fully litigated and finally determined against said Cashman," and that "said Cashman and the plaintiff herein are now precluded from litigating said matter again."

In the assessment proceeding, the present defendant intervened, contending (1) that the statute of limitations had run against the enforcement of stockholders' liability; and (2) that the receiver was entitled to an equitable setoff against Cashman exceeding the latter's claim against the bank's estate. Upon both issues the trial court found for defendant and ordered the assessment proceeding dismissed. Cashman appealed to this court from an order denying his motion for a new trial, and the order was affirmed. However, the court discussed only the question whether the statute of limitations had run, saying (In re Dissolution of First State Bank of Correll, 206 Minn. 250, 252, 288 N. W. 709, 711): "Either issue, if sustained by the record, is obviously sufficient to sustain the conclusion reached by the [trial] court."

Here, plaintiff argues first that in the assessment proceeding the court lacked jurisdiction to determine finally whether Cashman had an unpaid claim against the bank's estate. In support of this argument, he cites cases holding that an assessment order does not bind any individual stockholder in respect to defenses personal to himself. Thus it was said in Straw & Ellsworth Mfg. Co. v. L. D. Kilbourne B. & S. Co. 80 Minn. 125, 136, 83 N. W. 36, 39, that a person "sued as a shareholder may show, if he can, that he is not a shareholder at all, or that he is not the holder of so large an amount of stock as is alleged, or that he has discharged his liability, or that he has a claim against the corporation which he may, in law or equity, set off against the claim or judgment in assessment, or he may make any other defense which is personal to himself." Harrison v. Carman, 149 Minn. 365, 183 N. W. 826; McCabe Brothers Co. v. Farmers G. & S. Co. 172 Minn. 33, 214 N. W. 764. An order for assessment, however, does finally deter-

mine certain issues, such as, for example, that the corporate shares are assessable. Phelps v. Consolidated V. & E. Co. 157 Minn. 209, 195 N. W. 923; In re Estate of Vogtel, 158 Minn. 106, 196 N. W. 939. By statute it is provided that "such order shall be conclusive as to all matters relating to the amount, propriety, and necessity of the assessment." Mason St. 1927, § 8027. In the assessment proceeding the trial court found that Cashman was the only creditor. That being so, a decision that his claim was satisfied negatived any outstanding indebtedness of the bank, and hence related to the "propriety and necessity of the assessment," for there could be no reason to enforce stockholder's liability if there were no creditors. It follows that the decision in the assessment proceeding is *res judicata* here.

But plaintiff contends that because this court, in affirming the order of the lower court in the assessment proceeding, confined discussion to the question whether the statute of limitations had run against the enforcement of stockholder's liability, the finding of the lower court in that proceeding that Cashman's claim was satisfied is not *res judicata* here, since there was no review by this court of that finding. Plaintiff's theory seems to be that, even though the order was affirmed, it is the opinion of the supreme court rather than the findings and judgment of the lower court which determines what issues were decided. In this he is mistaken. Reeves & Co. v. Lamm Brothers, 135 Iowa, 201, 112 N. W. 642; Russell v. Russell (3 Cir.) 134 F. 840. It was said in Schoonmaker v. St. Paul T. & T. Co. 152 Minn. 94, 98, 188 N. W. 223, 224: "So long as a judgment remains in force it is binding upon the parties and those in privity with them. Even where an appeal has been taken, the matters determined by the judgment remain *res judicata* until the judgment is reversed." State ex rel. Spratt v. Spratt, 150 Minn. 5, 184 N. W. 31. The argument that plaintiff is denied any review by this court of the issue whether the receiver was entitled to an equitable setoff which satisfied Cashman's claim has no bearing upon the application of the principle of *res judicata*. 2 Freeman, Judgments (5 ed.) § 635; Johnson Co. v. Wharton,

152 U. S. 252, 14 S. Ct. 608, 38 L. ed. 429; Griffin v. Long Island R. Co. 102 N. Y. 449, 7 N. E. 735; Elk Garden Co. v. T. W. Thayer Co. (D. C.) 206 F. 212; see Schoonmaker v. St. Paul T. & T. Co. 152 Minn. 94, 188 N. W. 223.

Affirmed.