## OLUF GANDRUD AND C. A. LARSON, AS TRUSTEES OF TRUSTEED ASSETS OF SWIFT COUNTY BANK, INC., v. THORWALD HANSEN.[1]

June 25, 1943.

No. 33,434.

See 210 Minn. 125, 297 N. W. 730.

*McCoy & Hansen* and *Thomas O. Kachelmacher,* for appellant.

*Frank A. Barnard, George L. Barnard,* and *L. D. Barnard,* for respondents.

PER CURIAM.

This case is a sequel to Gandrud v. Hansen, 210 Minn. 125, 297 N. W. 730. The only question is: Who is entitled to the rents under the renewal of the J. C. Penney Company lease during the period of redemption from the foreclosure of the second mortgage, from November 20, 1939, to November 20, 1940, amounting to

[1]Reported in 10 N. W. (2d) 372.

$2,343.78? Below, it was held that it was determined in a prior action that plaintiffs, as holders of the third mortgage on the property, were entitled to have the rents in question applied to reduce the first mortgage and that the prior decision was *res judicata*. An examination of the record in the prior action shows that the parties litigated the question and that the court determined that plaintiffs were entitled to have the rents due under the renewal as well as under the original lease so applied. We affirmed in 210 Minn. 125, 297 N. W. 730. The prior case was tried in December 1939. The court adopted December 5, 1939, as a cut-off date. It ordered all rentals under the renewal of the Penney lease to that date to be so applied. In the instant case plaintiffs allege that the question was "previously decided and adjudged" in the prior action. Defendant alleges in his answer "that said action and the findings and *judgment* therein have no bearing on the issues of this case." (Italics supplied.)

The judgment in the prior case that the rents under the renewed lease were to be applied as plaintiffs contend settles the rights of the parties to the application of the rents and is *res judicata*. Bolsta v. Bremer, 212 Minn. 269, 3 N. W. (2d) 430; Ferch v. Hiller, 210 Minn. 3, 297 N. W. 102.

The suggestion has been made on appeal that no judgment was entered in the prior action and that consequently there was no adjudication. The argument is that the principle of *res judicata* is inapplicable where judgment has not been entered, even though findings have been made. In support of the argument defendant cites State v. Brooks-Scanlon Lbr. Co. 137 Minn. 71, 162 N. W. 1054. The judgment in the prior action has not been returned as part of the record. The pleadings, however, affirmatively show that a judgment was entered. Plaintiffs allege the existence of the judgment, and defendant in effect admits its existence but denies that it is *res judicata*. (Counsel who appears here for defendant did not represent him below.) In that situation the suggestion cannot be considered. The case was tried below upon the theory that there was a judgment. Denial of the existence of the judgment by

476

defendant on appeal after in effect admitting its existence in his answer involves a shifting of position which is not permissible. A party will not be permitted to shift his position on appeal.

Affirmed.