IRA P. SPERRY *vs.* SARAH M. GOODWIN.

July 25, 1890.

| | |
|---|---|
| 44 | 207 |
| 47 | 243 |
| 47 | 329 |
| 47 | 536 |
| 44 | 207 |
| 49 | 219 |
| 44 | 207 |
| 57 | 401 |
| 44 | 207 |
| 66 | 230 |
| 44 | 207 |
| 70 | 19 |
| 44 | 207 |
| 81 | 71 |
| 44 | 207 |
| 85 | 520 |

**Taxes—Redemption Notice—Sufficiency of Description.**—Where in a notice of the expiration of the time of redemption from a tax-sale, the property in question is correctly described as appearing on the tax records of the county, and according to the plat of the town or city or a well-known subdivision thereof, in which the same is in fact situated, and which plat has been duly recorded, and the notice appears to be issued by the auditor of the county in which the property is situated, *held,* a sufficient description for the purposes of such notice, though the county and state do not further appear as a part of the same.

**Same—Assignment by State—Amount to be Stated in Notice.**—Where the property is bid in by the state, and afterwards assigned to a purchaser under Gen. St. 1878, *c.* 11, § 89, the sum paid by such purchaser is "the amount sold for," to be inserted in the notice.

**Same—To Whom Notice to be Directed—What Names to be Stated.** It is not necessary that the notice should state in whose name the property is assessed, but it must be directed to the party to whom it is assessed when the notice is issued; but it is not fatal to its validity that it also contain the name of the person to whom it was assessed when the tax was levied.

**Same—Variance between Notices.**—Variance between the published notice and the one served in this case *held* immaterial.

**Same — Published Delinquent List — Sufficiency.—**Published list *held* sufficiently definite in respect to the names of the owners of the delinquent lands, and also the year for which the taxes were delinquent.

**Same—Affidavit of Publication.—** The affidavit of publication also *held* sufficient to show that the list was duly published in the newspaper designated by the county board.

Action to determine defendant's adverse claim to "lot 5, in block 45, in St. Anthony City, within the present limits of the city of Minneapolis, in the county of Hennepin and state of Minnesota, according to the plat," etc., brought in the district court for Hennepin county.  The defendant relied on a tax title based on the proceedings mentioned in the opinion.   Defendant appeals from a judgment entered on the decision of *Hicks*, J., before whom the case was tried.

The resolution of the county board designated "The Minneapolis Tribune" as the newspaper in which the delinquent-tax list should be published.   The list filed is headed: "A list of lands and town lots in the county of Hennepin and state of Minnesota, upon which taxes are delinquent and unpaid on this 14th day of June, 1879."

The lot in question is thus entered in the list:

| Names of Owners or to whom Assessed. | Addition and Subdivision of Lot or Block. | Lot. | Block. | Years which Taxes are Due. | Amount of tax Delinquent. Dols. Cts. | Amount of Penalty. Dols. Cts. | Amount of Delinquent Taxes and Penalty. Dols. Cts. |
|---|---|---|---|---|---|---|---|
| | St. Anthony City. | | | | | | |
| * * * * * * * * | | * | * | * * | * | * | * * |
| Ovitt & Sperry | | 5 | 45 | 1878 | .48 | .05 | .53 |
| * * | * | * | * | * | * | * |

The title page of the paper in which the list was published is headed "The Tribune."   All the other pages are headed "The Minneapolis Tribune."   The list begins on the third page and has the same heading as the original list, and after the heading is the proper notice to all persons, etc.   Then follows the list, occupying the rest of the page.   On a subsequent page, headed "Minneapolis Tribune Supplement," at the top of the first column, appears the following note: "Continued from third page Daily Tribune."   On a subsequent page there appears a heading as follows:   "City of Minne-

apolis. Taxes for 1878." "First Ward"—(Following which are sundry descriptions.) Further along in the list occurs another heading: "Second Ward, Taxes for 1878." Under this are the following headings:

| | Lot. | Block. | Amount of Taxes Delinquent. | Amount Penalty. | Total Amount Delinquent Taxes and Penalty. |
|---|---|---|---|---|---|
| St. Anthony City. | | | Dols. Cts. | Dols. Cts. | Dols. Cts. |
| Ovitt & Sperry | 5 | 45 | .48 | .05 | .53 |

Then follow descriptions of other property. The auditor's certificate of the correctness of the list is published with it.

The original redemption notice, issued by the county auditor, was as follows:

"NOTICE OF EXPIRATION OF REDEMPTION.

| In whose name assessed. | Subdivision of Section, Lot, or Block. | Lot. | Block. | Year Tax Levied. |
|---|---|---|---|---|
| Ovitt & Sperry | St. Anthony City. | 5 | 45 | 1878 |

| Date of Judgment. Month. Day. Year. | When Sold. Month. Day. Year. Assigned. | Amount Sold for. | Interest, Penalties, and Costs. | Total Amount Required to Redeem. |
|---|---|---|---|---|
| | | Dols. Cts. | Dols. Cts. | Dols. Cts. |
| August 22, 1879 | October 1, 1880 | 1 24 | 1 71 | 2 95 |
| Total | - - - | - - | - - | - 2 95 |

"OFFICE OF COUNTY AUDITOR, HENNEPIN COUNTY, MINNESOTA.

*To Ovitt & Sperry, W. C. Ovitt, J. P. Sperry and Sarah M. Goodwin:*" (Here follows the notification.)

The sheriff having returned that he could not find the persons named, a notice was published as follows:

"NOTICE OF EXPIRATION OF REDEMPTION.

"Lot 5, block 45, of St. Anthony City, in Hennepin county, Minnesota, assessed in the name of Ovitt & Sperry; tax levied for 1878; date of judgment August 22, 1879; assigned October 1, 1880, for $1.24. Interest, penalties and costs $1.71; total amount required to redeem the same $2.95."

(Then follows the same notification, addressed to the same parties, as in the original notice.)

v.44M.—14

*Chas. J. Bartleson,* for appellant.

*Paige & Hastings,* for respondent.

VANDERBURGH, J.   In proceedings to enforce payment of the delinquent taxes for the year 1878, the premises in controversy were bid in for the state on the 18th day of September, 1879.   On the 1st day of October, 1880, the defendant purchased and procured an assignment from the state of all its right and interest in the land, in pursuance of Gen. St. 1878, c. 11, § 89.   The defendant, in June, 1888, served notice of the expiration of the time of redemption.   No redemption having been made, she claims to have acquired a valid tax-title under her state certificate of assignment.   The trial court found that all the tax proceedings prior to and including the assignment were valid, but that the notice of the expiration of the time to redeem above mentioned was not in compliance with Gen. St. 1878, c. 11, § 121, and was therefore invalid.   Referring to the notice as set forth in the record; it is objected (a) that the land is not sufficiently described; (b) the amount for which it was sold is not accurately stated; (c) the person in whose name the land is assessed is not stated, and it is not directed to the proper parties; (d) the published notice is not a copy of the original.

1. It will be noticed that the formal description "subdivision or section," placed at the head of the notice, is "St. Anthony City, lot 5, block 45, year tax levied 1878."   The notice by the auditor of Hennepin county recites that the land was sold pursuant to a tax judgment entered in the district court, county of Hennepin, state of Minnesota.   The plaintiff's complaint shows that the land in question is in the county of Hennepin, and that the plat of St. Anthony City, in which the lot in question is situated, is on file in the office of the register of deeds in that county.   No one owning or having any interest in the property in question could be misled or fail to understand the location of the property specified in the notice.   The land is sufficiently designated for the purpose of such notice.

2. The notice also indicates the date of the assignment, "Oct. 1, 1880," and the "Amount sold for, 1 24."   The record shows that the

lot was offered at the tax-sale, and for want of bidders was bid in for the state at 77 cts., and, the same still remaining unredeemed, the interest of the state was assigned to Sarah M. Goodwin for that sum, with interest, penalties, etc., then amounting to $1.24. The amount specified in the assignment was the proper sum to be inserted, being the amount for which the land was sold to a purchaser, as appearing upon the records, in pursuance of chapter 11, § 89; and upon this amount interest must be computed in case of redemption. Gen. St. 1878, c. 11, § 90, subd. 2.

3. The notice was directed to "Sarah M. Goodwin" and also to "Ovitt & Sperry," and recites that it was assessed in the name of the latter. The statute (chapter 11, § 121) which applies to this case does not require the notice to state in whose name the land is assessed, but the notice must be given to the person in whose name the land is assessed. The land was, we assume, assessed in the name of Goodwin when the notice issued. It was therefore served on the proper party, and no possible prejudice could arise from the fact that, from abundance of caution, the names of the parties in whose name it was assessed when the tax was levied were also included in the notice. If the land still appeared on the record to be assessed in the names of Ovitt & Sperry, the notice was still good because served on them.

4. The variance between the published notice and the original is not material. The notice is in fact the same, and is addressed to the same parties. The recitals first above referred to are modified simply in respect to the order in which the facts are stated. All the essentials are there.

·As to the prior tax proceedings, the court finds generally that they were in due form of law; and the objections to the notice above considered were those chiefly insisted on here. The published list sufficiently discloses the names of the owners and the year ·for which taxes were claimed to be· delinquent; the year being designated at the head of the· list, and the names ·inserted opposite each tract. *Chouteau·*-v. *Hunt,· supra,* p. 173. And it also appears to be published in the paper designated by the board of·county commissioners as the "Minneapolis Tribune, a· daily paper printed and published and of general· circulation in the county of Hennepin." The list covers sev-

eral pages of the paper under the heading of "Minneapolis Tribune" and "Minneapolis Tribune Supplement," while on the title page appears "The Tribune." The affidavit of publication states that the list was published in "The Tribune," a daily newspaper printed and published in the county of Hennepin. The fair inference from the record is that the list was properly published in the newspaper designated. *Knight* v. *Alexander*, 38 Minn. 384, (37 N. W. Rep. 796.)

Judgment reversed.