## EDWARD T. FORTIER v. EDWARD T. PARRY and Others.[1]

January 22, 1915.

Nos. 18,952—(181).

Taxation — notice of redemption.

> A notice to eliminate the right of redemption in a tax proceeding examined and *held* to accurately state the amount required to redeem.

[1] Reported in 150 N. W. 803.

Action in the district court for Hennepin county to determine adverse claims to a vacant city lot. The case was tried before Leary, J., who made findings that defendant was the owner of the land subject to the lien of plaintiff for $7.97 and ordered that the land be sold to satisfy the lien. From an order denying plaintiff's motion for a new trial and for the amendment of the findings of fact and conclusions of law, he appealed. Reversed.

*A. X. Schall, Jr.,* for appellant.

*Edwin S. Slater,* for respondent.

HOLT, J.

Action to determine adverse claims to a city lot. Defendant is the owner, unless his title has been divested by a tax proceeding under which plaintiff claims. And the only matter urged against the tax title is, the notice of the expiration of the right of redemption is illegal, in that it failed to state accurately the amount required to redeem and also in that the numbering of the notice issued by the auditor is not correct.

Pursuant to a real estate tax judgment entered April 23, 1910, to enforce taxes delinquent for the year 1908, the lot was on May 13, 1910, bid in for the state, and afterwards on October 3, 1912, duly assigned to plaintiff for $6.61. The notice mentioned, after reciting these facts, continues thus: "And thereafter the purchaser of said state assignment paid upon said land the taxes thereon for the years 1911 [sic] respectively, after said taxes had become delinquent.

"That the certificate of sale, or state assignment so called, has been presented to me by the holder thereof for the purpose of having notice of expiration of time for redemption from said tax sale of said property, given and served; and that the amount required to redeem said piece or parcel of land from said sale at the date of this notice, exclusive of the costs to accrue upon said notice, is the sum of Ten Dollars and ninety-five cents ($10.95), and interest on Ten Dollars and thirty-four cents ($10.34) at the rate of 12 per cent per annum from the date of this notice to the date such redemption is made. That the time for the redemption of said piece or parcel of

land, from said tax sale, will expire sixty (60) days after the service of this notice and the filing of proof of such service in my office."

Section 2148, G. S. 1913, requires the notice to specify a description of the lands, "the amount for which the same were sold, the amount required to redeem the same, exclusive of the costs to accrue upon such notice, and the time when the redemption period will expire." In a case such as this where the land has been bid in by the state and afterwards assigned the notice should state the amount paid upon the assignment and not the amount for which the land was bid in by the state. Sperry v. Goodwin, 44 Minn. 207, 209, 46 N. W. 328; McNamara v. Fink, 71 Minn. 66, 73 N. W. 649. The notice is not required to state the amount paid by the assignee for subsequent delinquent taxes, although these must be included in the amount specified as required to make the redemption. The respondent does not contend, as we understand it, that the notice is defective in respect to any statutory requirement except in the specification of the amount required to redeem. Here he insists that it is fatally deficient. Because of the payment in January, 1913, of the 1911 delinquent taxes, the notice could not be in the exact form prescribed in section 2148, G. S. 1913. However, we venture to say that no one could fail to understand that if redemption was made on the day the notice is dated the exact sum required would be $10.95, exclusive of the costs to accrue on the notice, and if made any time thereafter interest from the date of the notice at 12 per cent upon the sum of $10.34 must be added to $10.95. We fail to discover any uncertainty in the amount or anything to mislead. The sums, dates and interest are all so clearly given that if, at any time after the date of the notice, redemption is made a simple and correct calculation will give the exact amount required.

The form seems to conform to that suggested in Midland Co. v. Eby, 89 Minn. 27, 93 N. W. 707, and is apparently sanctioned in Slocum v. McLaren, 106 Minn. 386, 119 N. W. 406, in cases such as this where, after assignment from the state, the assignee has paid delinquent taxes before giving the notice. The record discloses that the $10.34 upon which interest is to be computed is made up of $6.61,

paid the state at the time of the assignment, and $3.73, the 1911 delinquent taxes paid afterwards. No claim is made that the amount specified in the notice, as the amount required to redeem at the date thereof, is not correct. The interest to be added thereto, if redemption is subsequently made, is also readily ascertained from the correct data specified. It is true that this court requires the utmost accuracy in the notice of the expiration of the owner's right to redeem his property from tax sale. And if such notice demands more than the statute exacts, for example interest upon interest, the notice will be held void, although the error be trifling in amount in the particular case. Shine v. Olson, 110 Minn. 44, 124 N. W. 452, 19 Ann. Cas. 962, is an instance wherein a wrong basis of computation was adopted, resulting in figuring interest from the time of the sale until the date of the notice, adding that to the amount of the sale, and then stating that the sum so obtained would draw interest from the date of the notice until redemption was made. It was an attempt to compound interest, was wrong in principle, and invalidated the notice, although, in that particular case, the difference between the right and the wrong specification would have amounted to less than ten cents had the redemption been made on the last day of the 60-day period allowed by the law. In the case at bar the basis of computation as to rate of interest, time and amount of principal is correct. We are unable to find any valid reason for saying that the notice in question fails to properly and correctly specify the amount required to redeem.

It is further urged that the auditor designated by a serial number B 1071 this tax proceeding, but that the original notice issued herein was numbered B 1061, while as published it was designated by the correct number. The point has no merit. Notices are not required to be numbered. It is done by the auditor for his own convenience. In the absence of proof of prejudice to an interested party, unnecessary matters in notices of this kind may be eliminated as surplusage.

Our conclusion upon the notice renders a consideration of the other assignments of error unnecessary, and the result is that the order denying plaintiff's motion for a new trial must be reversed.