## OSCAR H. LOVINE v. GOODRIDGE-CALL LUMBER COMPANY.[1]

July 2, 1915.

Nos. 19,098—(51).

**Notice of expiration of redemption.**
    1. A notice of expiration of time for redemption from a tax sale directed

[1] Reported in 153 N. W. 517.

---

Note—For cases passing upon question as to who is entitled to notice to redeem from a tax sale, see note in 44 L.R.A.(N.S.) 666.

to "Goodridge-Call L'b'r. Co.", the land being assessed in the name "Good-ridge-Call Lbr. Co.," is sufficient.

**Same — to whom addressed — proof necessary.**

2. Where the statute requires the notice to be directed to the person in whose name title in fee appears of record in the office of the register of deeds, a notice to the Goodridge-Call Lumber Co. is of no effect in the absence of evidence to show that the title stood of record in that name.

**Same — service by publication — proof of publication.**

3. Where the notice is served by publication, it must be shown that the newspaper in which it was published possessed the qualifications required by statute to entitle it to publish such notices; and the requirement that it must "be circulated *in or near its place of publication* to the extent of at least 240 copies" is not satisfied by showing that 240 copies are pub-lished without showing where they are circulated.

**Affidavit of publisher of newspaper.**

4. The affidavit required by section 9418, G. S. 1913, to be filed with the county auditor, is *prima facie* evidence of the qualification of a news-paper only in case it states "the required facts;" and showing that such an affidavit has been filed without showing the facts stated therein does not establish such qualification.

Action in the district court for Ramsey county to determine ad-verse claims to vacant and unoccupied real estate. The case was tried before Dickson, J., who made findings and ordered judgment in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Will A. Blanchard,* for appellant.

*Louis K. Hull* and *John F. Fitzpatrick,* for respondent.

TAYLOR, C.

This is an action to determine adverse claims to a parcel of land located in Syndicate Addition No. 5 in Ramsey county. Defendant asserted title under an execution sale and also under a tax sale. Un-less defendant acquired title under one or the other of these sales, plaintiff is conceded to be the owner of the land. The trial court excluded all evidence offered for the purpose of proving title under the execution sale, on the ground that the judgment upon which it was based was absolutely void; but admitted the evidence offered to

prove title under the tax sale and found that defendant was the owner of the land by virtue thereof and directed judgment accordingly. Plaintiff made a motion for a new trial; the motion was denied and he appealed.

1. The first question presented is whether the notice of expiration of the period of redemption was directed to the proper parties. The statute provides that the notice shall be directed "to the person in whose name such lands are assessed;" and further provides that, if "such lands are assessed in the name of the holder of the certificate, such notice shall be directed also to the person in whose name title in fee of such land appears of record in the office of the register of deeds." Section 2148, G. S. 1913. This notice was directed to "Goodridge-Call L'b'r. Co. and Goodridge-Call Lumber Co., of Hennepin Co., Minn." The land was assessed in the name, "Goodridge-Call Lbr. Co." Plaintiff insists that "Goodridge-Call Lbr. Co." found in the assessment book is not the same name as "Goodridge-Call L'b'r. Co." found in the notice, because of the two apostrophes in the "L'b'r." of the latter name, and that consequently the notice was not directed to the person in whose name the land was assessed. The letters "Lbr" followed by a period are obviously an abbreviation, and cannot be pronounced, without supplying omitted letters, and inserting apostrophes to show omission of letters made no material change in the name. The notice was directed to the party in whose name the land was assessed.

2. Defendant was the holder of the certificate and concedes that the land was assessed in its name and that it was necessary for the notice to be directed "also to the person in whose name title in fee of such land appears of record in the office of the register of deeds." It is admitted that Nils H. Lovine held the title to the land for many years and that his title was of record in the office of the register of deeds long prior to any of the transactions in controversy. Defendant contends that at the time of the issuance of the notice the title was of record in defendant's name by virtue of the recording of a sheriff's certificate executed pursuant to an execution sale under a judgment against Nils H. Lovine. The court excluded from evidence all the records, including the sheriff's certificate of sale, offered

for the purpose of proving this judgment and the execution sale thereunder, on the ground that such records show upon their face that the judgment and sale thereunder were absolutely void. These records are not in evidence and there is no evidence tending to show in whose name the land stood of record except the admission that the deed conveying title to Lovine had been recorded on November 23, 1891. The notice was not directed to him, and consequently was not directed to the person in whose name the land stood of record as shown by the evidence.

3. The statute provides that legal notices shall be published only in a "qualified newspaper," and that to be qualified to publish such notices the newspaper must, among other things, "be circulated in and near its place of publication to the extent of at least two hundred and forty copies regularly delivered to paying subscribers." Sections 9412, 9413, G. S. 1913. The affidavit of publication of the notice of the expiration of the time for redemption states that the publisher publishes and delivers, "at each regular issue thereof, more than 240 complete copies of such newspaper to paying subscribers;" but fails to show that 240 copies are "circulated in and near its place of publication." Plaintiff contends that for this reason the affidavit fails to show that the newspaper was a newspaper in which such notices could be published and that publishing the notice therein was of no effect. It is uniformly held that statutes authorizing service by publication are strictly construed, and that all the statutory prerequisites to the making of service in that manner must be complied with. Ullman v. Lion, 8 Minn. 338 (381); Golcher v. Brisbin, 20 Minn. 407 (453); Godfrey v. Valentine, 39 Minn. 336, 40 N. W. 163, 12 Am. St. 657. Under the above decisions the affidavit cannot be made more specific by intendment and clearly fails to show that the paper was a "qualified newspaper." The affidavit also stated that the publisher had filed with the county auditor the affidavit required by section 9418, G. S. 1913, and defendant contends that this latter affidavit establishes the qualifications of the paper. This statute provides that "such affidavit, if it state the required facts, shall be *prima facie* evidence thereof and of such qualification;" but, as this affidavit was not offered in evi-

dence, we have no means of knowing whether it states "the required facts" necessary to make it *prima facie* evidence of "such qualification." If it does and is offered in evidence that is sufficient, but no effect can be given it without showing that it states such facts.

For the reasons above stated the order appealed from is reversed.