## J. B. JOHNSON v. MARY ANN GORMAN MURPHY.[1]

### July 7, 1916.

### Nos. 19,850—(219).

**Taxation — notice of expiration of redemption — subsequent taxes paid.**

1. Where the amount stated in a notice of expiration of redemption includes delinquent taxes accruing subsequent to the sale in reference to which the notice is given, it is incumbent upon the holder of the tax certificate who presents the notice of expiration as evidence that the right of redemption has expired, affirmatively to prove by evidence outside of the recitals in the notice the amount of such delinquent taxes and that he paid the same and the date of such payment.

**Same — notice defective without proof of payment.**

2. In the absence of such evidence the notice though properly served and sufficient on its face is ineffectual to terminate the right of redemption.

[1]Reported in 158 N. W. 701.

Action in the district court of Hennepin county to determine adverse claims to certain premises. The case was tried before Fish, J., who made findings and ordered judgment for plaintiff. The motion of defendant Mary Ann Gorman Murphy for a new trial as to her was denied. From the judgment entered pursuant to the order for judgment, Mary Ann Gorman Murphy appealed. Affirmed.

*John J. McHale,* for appellant.

*J. M. Pulliam* and *J. H. Green,* for respondent.

BROWN, C. J.

This action was brought to determine adverse claims to four separate tracts or parcels of land in Hennepin county. Plaintiff claimed title to each through certain real estate tax proceedings. Defendants Jacobson and Murphy appeared at the trial and each laid claim to separate tracts of the land. The trial was before a jury, and a verdict was returned in favor of defendant Jacobson, but as to defendant Murphy, the verdict returned, as subsequently amended by the court, affirmed the validity of plaintiff's tax title to the land claimed by that defendant. She subsequently moved for a new trial on various grounds, and appealed from the judgment after denial of a motion for a new trial.[2]

Defendants were not jointly interested in the land, and there was a misjoinder of causes of action as well of parties defendant. No objection, however, was seasonably interposed, and the misjoinder led to some confusion on the the trial, particularly in the verdicts returned by the jury. But the conclusion we have reached upon other questions renders unnecessary a further reference to that branch of the case.

It was conceded on the trial that defendant Murphy was the owner of the fee title, and she was entitled to judgment, unless her rights had been divested and lost by the tax proceedings relied upon by plaintiff. The sole question necessary to be determined in disposing of the appeal is whether the holder of a tax certificate, when his title is assailed as invalid for defects in the notice of expiration of redemption, must affirmatively show, independently of the facts recited in such notice, that the amount required to redeem in respect to delinquent taxes included therein is

[2As corrected by a *per curiam* order on July 28, 1916.]

correctly stated, and that such delinquent taxes were paid by him, or whether the amount stated is presumptively correct and conclusive in the absence of a showing to the contrary, and whether the proof of payment of the delinquent taxes so included is unnecessary. While this is the important question we may remark in passing, that all other issues involved in the case should be disposed of on a new trial by the court. In fact we can discover no particular reason for calling a jury in any tax title case, where all the issues are controlled by the records in the tax proceedings. Of course issues may be presented in such cases outside the tax records; for instance, in respect to the service of notice of expiration of redemption, whether the property was vacant or occupied, and other kindred questions, which would render a submission thereof to a jury entirely proper. But no such questions are here presented, and it is not a proper case for submission to a jury.

Plaintiff was the purchaser of the property at the tax sale and the usual certificate of sale was issued to him. The owner, defendant Murphy, was entitled to redeem by the payment of the amount for which the land was sold to plaintiff, together with any and all delinquent taxes, penalties and costs subsequently accruing, and if paid by plaintiff, interest thereon at 12 per cent per annum. G. S. 1913, § 2183, subd. 3. The notice of expiration of redemption stated that the property was "sold for the sum of $22.00; and that the amount required to redeem said pieces or parcels of land from said sale, exclusive of the costs to accrue upon this notice, is the sum of $108.95, and interest on $90.34, at the rate of 12 per cent per annum from the date of this notice," etc.

The notice contains no statement in explanation of the different amounts mentioned therein. The property was sold for $22, but the amount required to redeem is stated at $108.95, from which we may assume that the difference between that sum and what the property sold for is made up of delinquent taxes subsequently accruing against the land. But the notice contains no statement that plaintiff had paid them, nor any facts from which the person entitled to redeem could ascertain whether the amounts stated are correct, and at the trial no evidence was offered by plaintiff either of the amount of delinquent taxes or that plaintiff had paid them. We are clear that it was incumbent upon plaintiff to prove the fact of payment, and that the failure to do so was fatal

to his right to recover. The suggestion of plaintiff's counsel that the burden was upon defendant to show that the facts stated in the notice were incorrect, cannot well be sustained, unless we are to depart from a long line of decisions in cases of this kind. No presumptions are ordinarily indulged in favor of tax titles, except as expressly created by statute, and the burden is upon the holder to establish every fact essential to the validity of his title. Sterling v. Urquhart, 88 Minn. 495, 93 N. W. 898. The requirements are especially exacting in respect to the notice of expiration of redemption. The statute requires the notice to be addressed to the person in whose name the land is assessed for taxation, and we have held that a recital therein that the land is assessed in the name of the person to whom it is addressed is not proof of the fact, and that in the absence of other evidence upon the question at the trial the notice of expiration will fail of its purpose. Lohn v. Luck Land Co. 129 Minn. 367, 152 N. W. 764. The rule there applied imposes upon the holder of the tax certificate the burden of affirmatively showing a fact necessary to a valid notice, by evidence *dehors* the notice, and is in harmony with other decisions dealing with the same subject matter. Lovine v. Goodridge-Call Lumber Co. 130 Minn. 202, 153 N. W. 517. In the case at bar there are no recitals in the notice showing the payment of delinquent taxes, or that the amount stated as necessary to redeem includes such taxes. Whether the notice is defective in this respect we do not consider. The question was not involved in Fortier, v. Parry, 128 Minn. 235, 150 N. W. 803, for the notice there involved contained such statement. But the court cannot well presume, even though not necessary to be stated in the notice, that the delinquent taxes were paid by the holder of the certificate, and he is not entitled to insist upon payment thereof in redemption with interest unless he did pay them. Though the question was not before the court in Forbes v. Stream, 117 Minn. 484, 136 N. W. 304, Mr. Justice Holt there remarked that such proof was necessary, and we apply the remark as a correct statement of the law on the subject, and hold that evidence of such payment must be produced in support of a notice of expiration of redemption to render it effectual for any purpose. There is no evidence in the record upon this question, and there was a total failure of proof as to an essential fact in the case. It does not matter that information on the subject could be ascertained from an inspection of the tax records.

That situation is presented as to all facts required in notices of this kind. But the owner of the land is not required to check up the record to determine the sufficiency of the notice. He may rest upon the information there conveyed, and hold the certificate holder to the proof of all the necessary elements thereof.

In view of this conclusion we do not deem it necessary to consider other objections to the notice, except to say that the name of the person to whom it was addressed is not so illegibly written as to render the notice a nullity. It is quite clear that the name is Horace Lowry. And the same may be said of the name as it appears in the sheriff's return of service. There may be other objections to the notice, some were suggested on the argument, but we pass them without further remark. The point decided requires a new trial, and we remand the cause for trial upon all the issues.

Order reversed.