## HARRIS E. LEACH v. WOODHILL REALTY COMPANY, THE WILLIAM HOOD DUNWOODY INDUSTRIAL INSTITUTE, AND A. B. KNUTSON.[1]

June 8, 1923.

No. 23,438.

**When state auditor can order sale of forfeited lands for less than taxes and penalties.**

1. Under G. S. 1894, § 1616, in forfeited tax proceedings, the state auditor was authorized to order and direct a sale of forfeited lands for less than the taxes, interests and costs for which they were struck off to the state, including presently due taxes, upon a showing that the land was of less value than the total taxes against the same.

**Presumption that state auditor's order was justified.**

2. Where the auditor so directed, it will be presumed that he took into consideration all taxes required by statute to be paid in redemption, and that the facts before him justified the order, and included proportionately presently due taxes.

[1]Reported in 194 N. W. 104.

**Presumption as to public officers' performance of duty applies.**

3. The rule that public officers are presumed to perform their duties in all respects applies.

**Case distinguished.**

4. Hoyt v. Chapin, 85 Minn. 524, did not involve a sale authorized for less than the amount due and is therefore not in point.

**Notice of expiration of redemption sufficient.**

5. A notice of expiration of redemption which states as the amount necessary to redeem that for which the auditor authorized the sale is sufficient.

**Objections to such notice insufficient.**

6. Certain objections to notices of expiration of redemption considered and *held* not well taken.

Action in the district court for Hennepin county to determine adverse claims to vacant and unoccupied real estate. The case was tried before Molyneaux, J., who when plaintiff rested denied motions of defendants Woodhill Realty Company and William Hood Dunwoody Industrial Institute to dismiss the action, made findings and ordered judgment in favor of defendants. Plaintiff's motion for amended and additional findings and conclusions was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*P. W. Guilford,* for appellant.

*Kingman, Cross, Morley & Cant, Arnold Hobbs, Henry W. Haverstock* and *Colfax Grant,* for respondents.

BROWN, C. J.

Action to determine adverse claims to certain real property in which defendants had judgment and plaintiff appealed.

The land in controversy is composed of several lots which form a part of a platted subdivision of the S. E. ¼ of the N. W. ¼ and the N. E. ¼ of the N. W. ¼ of section 2, town 117 of range 23, in Hennepin county, known as "Minnetonka Bluffs." It appears that the land was patented by the government to James B. Brown on Sep-

tember 1, 1860, and the title made a matter of record in Hennepin county. Plaintiff claims to have succeeded to that title by various mesne conveyances. Prior to 1901 and 1902 taxes assessed against the land had not been paid for several years, and the land had become the absolute property of the state in delinquent tax proceedings. On a date in 1901 and again in 1902, and on later dates, title to 19 of the lots in question was acquired by E. C. Gale and W. H. Dunwoody, in and by virtue of certain forfeited tax sale proceedings had under the provisions of G. S. 1894, § 1616, on the unredeemed tax sales for prior years. Defendants Woodhill Realty Company and the William Hood Dunwoody Industrial Institute have succeeded to that title, and they claim thereunder in this action.

Plaintiff offered in evidence on the trial conveyances going to make up his alleged title, in the form of quitclaim deeds from prior holders of the legal title and rested his case. Defendants in turn presented the evidence claimed to support their title, derived from the tax proceedings mentioned. The trial court found in favor of the title asserted by defendants, holding the same in all respects valid, and further that plaintiff had no valid claim to any of the lots. Judgment was ordered accordingly.

The principal questions urged in support of the appeal center around the tax proceedings, the basis of defendants' title. If those questions be resolved in their favor, and the trial court sustained, there is an end of the case, and a consideration of the points made against plaintiff's title becomes unnecessary. Our conclusion in this behalf is that with one exception all the tax titles relied upon by defendants are valid, and in that view turn our attention to some of the alleged defects therein presented and urged by plaintiff in defeat thereof, passing the points made against the sufficiency of the evidence to sustain plaintiff's alleged title without statement or comment.

The tax titles relied on by defendants were acquired in forfeited tax proceedings had and conducted under the provisions of G. S. 1894, § 1616. As required by that statute the county auditor made and prepared separate statements showing the taxes for the several

years preceding the date thereof, giving the description of the land and subdivisions with the amount of the taxes, penalties and costs for which the same were bid in by the state for the different years, and from which no redemption had been made. The statements did not include the current taxes then due. There was an offer to purchase the lands so listed for sums less than they had been bid in for and sold to the state at the original tax sale. In conformity with the statutory requirements the statements and attached bid for or offer to purchase were transmitted to the state auditor, who in due course of procedure indorsed an order thereon in the following language:

"The bid is hereby accepted and the county auditor is directed to make the sale of the within property at the price named."

Upon the return of the statements with the order of the state auditor the county auditor completed the sale, notice of the time of redemption was given, and none being made a deed of the property was issued to the purchasers as authorized by the statute. The purchasers or their successors in interest have paid all subsequently accruing taxes, including those due at the time of the sale.

1. It is contended by plaintiff that the titles thus acquired by defendants are invalid and of no legal force for the failure to include in the forfeited tax statements just referred to the currently due taxes, not included in the prior sales. Hoyt v. Chapin, 85 Minn. 524, 89 N. W. 850, is cited in support of the point. We do not sustain it. The Hoyt case is distinguishable in its facts and inapplicable. The statute under which the present forfeited sale proceedings were conducted vested authority in the state auditor to control such sales in all respects, with the right to authorize a sale for an amount less than the amount for which the lands had been struck off to the state at the tax sale. It provides that no tract or lot shall be sold for less than the amount shown by the county auditor's statement to be due thereon, "unless such amount exceeds the actual value of the property, in which case it may be sold for such sum as it will bring at public or private sale."

It was, under that provision of the statute, within the authority of the state auditor to authorize a sale for less than the amount due,

as shown by the tax records, provided the property was of less value than the total tax, interest and costs. He issued the order for such a sale and it was made in compliance therewith. It could be so ordered only upon a showing of some kind that the value of the land was less than the total taxes due and to be paid in redemption. The auditor is presumed to have performed his full duty in the premises, nothing appearing to the contrary, and to have made inquiry and ascertained the necessary fact. Webb v. School District, 83 Minn. 111, 85 N. W. 932; Brown v. Fitcher, 91 Minn. 41, 97 N. W. 416. We accordingly assume that in making the order for a sale for less than the taxes represented by the prior sales, including those presently due and unpaid, all of which were required to be paid within the rule of the Hoyt case, the auditor took into consideration the whole amount, in connection with the value of the land, and based his conclusion of authorization thereon. In that view the payment of the amount so fixed by him must be taken as in full compliance with the statute and a payment pro tanto of the presently due taxes. The Hoyt case is not therefore in point, for there the sale was for the full amount due, and not an amount measured from the fact that the land was of less value than the accrued taxes; and there was no order by the state auditor directing the sale to be made. The sale in this case has never been called in question by the state and has remained unchallenged for over 20 years. We hold the title valid and paramount to that asserted by plaintiff.

2. It is further contended that the notice of expiration of redemption, given as required in such case, was defective and insufficient. The omission made the basis of the objection is the failure to include in the notice as the amount necessary to redeem the taxes due and unpaid on the date of the county auditor's statement; the notice in fact contained only the amount for which the state auditor directed the sale to be made. For the reason already stated that amount necessarily included proportionately the taxes referred to, and the amount stated was all that the redemptioner would be required to pay. And moreover the taxes for that and all subsequent years were later paid by the tax sale purchasers and accepted and retained by the state.

3. Defendants make no claim of title to lot 13 of block 9, conceding the absence of proof of service of the notice to redeem as to that lot. But no specific finding has been made as to the identity of Siskron and Siskem through whom plaintiff derived title to this lot, but application therefor is not yet foreclosed. In the absence of a finding on the matter of identity plaintiff's title is not made out.

4. The title of defendants to lot 4 of block 9 is sufficiently established. The sale of the lot in the tax proceedings was within the legal life of the judgment, 10 years, and the statement found in Pine County v. Lambert, 57 Minn. 203, 58 N. W. 990, as to the life of a tax judgment under which no sale has been made is not in point. Here a sale was made within the 10-year period.

5. We find no serious defect in the notice of the expiration of redemption as to lot 17 of block 9. The notice states as the amount required to redeem the amount paid for the state assignment certificate, to which were added the delinquent taxes paid by the holder of the assignment, the items thereof being separately stated with the date from which interest was computed. These items were not given in express language as delinquent taxes paid by the holder of the state assignment, but the evidence on the trial fully disclosed the fact as of the date of the issuance of the notice to redeem. That was sufficient. Johnson v. Murphy, 133 Minn. 456, 158 N. W. 701; Fortier v. Parry, 128 Minn. 235, 150 N. W. 803; Sperry v. Goodwin, 44 Minn. 207, 46 N. W. 328. The amount paid the state for the assignment was necessarily the amount for which the lot was sold to the state. The statute provides that an assignment can only be made for that amount. G. S. 1913, § 2126; Arnold v. County of Cook, 134 Minn. 373, 159 N. W. 825; Security Trust Co. v. Heyderstadt, 64 Minn. 409, 67 N. W. 219. The presumption is that the county auditor performed his duty in the premises; there is nothing here to the contrary.

This covers the case and all that need be said in disposing of the questions presented. No reversible errors appear, and, except as to lot 13 of block 9, the judgment appealed from will be and is affirmed.

It is so ordered.